IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

The Plaintiff has sought to introduce the Kauai County Police Standard of Conduct, most recently in the Plaintiff's Separate and Concise Statement of Facts in Opposition to Defendant County of Kauai's Motion for Summary Judgment filed 8/3/05.

The Plaintiff has also listed those standards as an exhibit for trial. Those standards have no relevance to the remaining charges against Mr. Curnan and would create unfair prejudice violative of Federal Rules of Evidence, Rule 403.

The Plaintiff has contended at various times throughout these

proceedings, beginning with his First Amended Complaint that "Curnan failed to transport the Plaintiff to a hospital and falsely told Begley's wife that Begley's condition was caused by intoxication. That thereafter, he told her a series of inconsistent and materially false versions of how Plaintiff had been injured and again urged her not to seek medical attention for her husband." [See First Amended Complaint at paragraphs 21, 23 and 25].

It is expected that Plaintiff will attempt to introduce or make reference to these standards of conduct to impeach Curnan. There has been no findings that Curnan was in violation of any standard of conduct of the Kauai Police Department or that any proceedings had commenced for that purpose.

In L'esperance v. Mings, 2003 U.S. Dist. LEXIS 26754 (2003), the defendant sought to exclude evidence of police standard operating procedures and training and alleged violation of those procedures. The court reviewed those procedures and granted the motion to exclude evidence of police standard operating procedures and police training or violations thereof, concluding that such evidence was not relevant to the pertinent inquiry and whether an officer acted reasonably. Moreover, the court found that even if it was to find that the evidence had probative value, any such probative value was substantially outweighed by the dangers of unfair prejudice, confusion of the issues and misleading of the jury, citing Federal Rule of Evidence 403.

In another 10th Circuit decision Tyler v. Hudson, 203 U.S. Dist LEXIS 26736 (2003), officers filed a motion in limine asking the court to preclude the plaintiff arrestee from introducing evidence about standard operating procedures that govern their conduct and police training. That court found that the failure to follow standard police procedures even if relevant should be excluded on the basis of undue jury confusion, a tendency to mislead the jury, and undue prejudice.

Furthermore, the allegations by Begley that the conduct of Curnan violated police standards are nothing more the conclusory statements designed to have legally operative effects and therefore should be excluded. Griffin v. City of Clanton, 932 F. Supp. 1357 (1996). Any alleged violation of the Kauai Police Department's Standard of Conduct is not within the purview of the trier of fact to determine.

Curnan respectfully request that the court exclude any reference to the Standard of Conduct or any alleged violations thereof.

## II. CONCLUSION

Based on the foregoing, Defendant MARTIN W. CURNAN respectfully requests this Court to grant this Motion in Limine to Exclude the

Reference to Standard of Conduct, Police Department, County of Kauai at trial.

DATED: Honolulu, Hawai`i, February 15, 2006.

/s/ Michael J. McGuigan

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG
*Attorney for Defendant*
*MARTIN W. CURNAN*