IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

On November 9, 2005, Plaintiff's counsel advised of his intent to have Dr. Rogers review the deposition transcripts of Martin W. Curnan, David Nawai, Mark Begley and Nadine Begley and that he will be asked at trial to state opinions about the likely cause of Mark Begley's head injuries. See Exhibit "A".

This notice came after the discovery cutoff date of November 4, 2005 and after the deposition of Dr. Rogers had been concluded prior to the discovery cutoff date. His report dated June 14, 2004 does not address the issue of causation. Any attempts to elicit opinions as to causation from Dr. Rogers at this point after the discovery cutoff would be prejudicial to Defendant Martin W. Curnan.

In Glover v. Grace Pac. Corp., 86 Haw. 154, 164 (1997), the court struck the testimony of Jack P. Suyderhoud where he had not reached final opinions on economic losses prior to the discovery cut off. The Court stated:

> "We believe that the fair import of the policies underlying the discovery cutoff date is that an expert should have arrived at his or her final opinions by that date. Otherwise, the party seeking discovery of such opinions would be prevented from adequately preparing for trial. As a result, the court could determine that Suyderhoud's failure to furnish his final opinion before the discovery cutoff date constituted Glover's undue interference with the orderly pretrial procedures of the court under RCCH Rule 12 (t). We conclude, then, that the court acted within its discretion when it entered the economics loss order striking Suyderhoud as a witness."

The Plaintiff has had literally years to conduct discovery in order for his witnesses to fully express their opinions. He can not wait until after the discovery cutoff to supplement his expert's opinions.

Under Federal Rules of Civil Procedures 26(a)(2)(B), the expert report is required to contain:

> "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness informing the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications with the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases which the witness has testified as an expert at trial or by deposition within the preceding four years."

The Plaintiff has had ample time to develop opinions as to causation and should not be allowed additional time on the eve of trial to develop others.

## II. CONCLUSION

Based on the foregoing, Defendant MARTIN W. CURNAN respectfully requests this Court to grant this Motion in Limine to Exclude the Testimony by D. Thomas Rogers, M.D, as to causation at trial.

DATED: Honolulu, Hawai`i, February 15, 2006.

/s/ Michael J. McGuigan

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG
*Attorney for Defendant*
*MARTIN W. CURNAN*