ORIGINAL

DONNA E. RICHARDS, #7625
MARK R. ZENGER, #3511
RICHARDS & ZENGER
3016 Umi Street
Suites 204 and 211-B
Lihue, Hawaii 96766
Telephone: (808) 632-0723
Facsimile: (808) 632-0724

CHRISTOPHER S. BOUSLOG #3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908
Telephone: (808) 550-4995
Facsimile: (808) 550-4996

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 21 2006
at 4 o'clock and 29 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI;<br><br>Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**PLAINTIFF MARK N. BEGLEY'S MEMORANDUM IN OPPOSITION TO "DEFENDANT MARTIN W. CURNAN'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF LEON K. LIEM, M.D." FILED ON FEBRUARY 15, 2006; DECLARATION OF COUNSEL, EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE**<br><br>**TRIAL WEEK: MARCH 7, 2006** |

**PLAINTIFF MARK N. BEGLEY'S MEMORANDUM IN OPPOSITION TO "DEFENDANT MARTIN W. CURNAN'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF LEON K. LIEM, M.D." <u>FILED ON FEBRUARY 15, 2006</u>**

Defendant Curnan's motion in limine was filed on February 15, 2006. The deadline for filing motions in limine was February 14, 2006. This Motion in Limine is untimely filed and should accordingly be denied.

Curnan first states that Dr. Liem's letter was "unsigned." He then asserts what he terms a "vast" difference between Dr. Liem's "suggestion" and a "reasonable medical certainty". Curnan states that Dr. Liem's testimony will be used to "impeach the testimony" of Curnan and/or Defendant David Nawai, and would thus invade "the province of the jury to decide credibility".

On June 21, 2005, the County of Kauai disclosed/produced documents numbered C0001-C0440 in which there are two (2) copies of Dr. Liem's letter. Both copies of this same letter from Dr. Liem are signed. These are the pages numbered C-0065 and C-0294. (Refer to Exhibit "A").

Defendant Curnan proffers an unsigned copy of this letter in the attachment to Curnan's motion in limine and attempts to benefit from the fact that his copy is unsigned.

Dr. Liem did not only use the term "suggest" in describing his medical findings. Dr. Liem also used the term "inconsistent", in that the Plaintiff's injuries were "inconsistent" with "being struck in the chin". Dr. Liem also stated that the impact "most likely" involved the left side of the Plaintiff's head (not the chin). Even after KPD investigators suggested to Dr. Liem that the KPD investigation indicated that the plaintiff was punched in the chin, Dr. Liem still held that this (punch to the chin) explanation was inconsistent with the level of the plaintiff's injuries. Dr. Liem explained to the KPD investigators that he had seen this type of injury in "high-speed" "motor vehicle accidents" and not as a direct result of a punch. (Refer to Dr. Liem's transcribed statement from County of Kauai documents numbered C-0309 through C-0313, attached as Exhibit "B").

As for the term "reasonable medical certainty", explanation is given by the Defendant's expert witness, William T. Tsushima, in his book Effective Medical Testifying-A Handbook for Physicians, p. 5 (Butterworth-Heinemann 1998): "In the courtroom, the physician will be asked whether the opinion expressed is to a 'reasonable degree of medical certainty.' The phrase 'reasonable medical certainty' means 'more likely than not.' In other words, if there is a preponderance - 51% or more - of evidence in one direction, then the phrase 'reasonable medical certainty is applicable." Dr. Tsushima and his co-author, Kenneth Nakona, also state "whereas reasonable certainty is a much less stringent and exacting standard" and that "[a]pplying the strictest medical standards in civil cases would be incorrect and unjust."

In Johnson v. Creative Restaurant Mgmt., 904 S.W.2d 455, 459 (Mo. App. W.D. 1995). "[T]he testimony of a physician concerning a diagnosis of a patient is admissible even when it is not based on a reasonable degree of medical certainty." The terms "think,"

"guess" or suggest "do not render [an expert witness's] testimony inadmissible if [the expert] intended to express his opinion or judgment." Lineberry v. Shull, 695 S.W.2d 132, 136 (Mo. App. W.D. 1985).

In addition, "reasonable medical certainty" 'is not a required "verbal password" in questions propounded to an expert witness.' Schiles v. Schaefer, 710 S.W.2d 254, 262 (Mo. App. E.D. 1986), citing Miller v. Weber, 688 S.W.2d 389, 391 (Mo. App. 1985). See also Kummer v. Cruz, 752 S.W.2d 801, 806 (Mo. App. E.D. 1988), where expert testimony that a lacerated sphincter muscle was "most probably" caused by the episiotomy was held admissible (and it was error to exclude the testimony), when there were other facts tending to show causation, was helpful to the jury in drawing reasonable inferences on the issue.

In Lane v. State Farm Mut. Auto. Ins. Co., 308 N.W.2d 503 (Neb. 1981), the Court departed from the strict requirement of the "magic words" of "reasonable medical certainty." The Nebraska Supreme Court observed that the term "reasonable" is ambiguous and that "an attempt to give specific meaning to the term

'reasonable' is trying to count what is not a number, and measure what is not space." The Nebraska Supreme Court opted for a standard of "probability" rather than "reasonable medical certainty." 308 N.W.2d 503, 512-13 (Neb. 1981)

In Nunez v. Wilson, 507 P.2d 329 (Kan. 1973), the Kansas Supreme Court reversed the trial court's exclusion of a physician's testimony as not based on a reasonable medical certainty. The Kansas Supreme Court noted that the phrase "reasonable medical certainty" had attained a "'magical' status" among judges and lawyers. 507 P.2d 329, 332 (Kan. 1973). The court stated that "[t]he reason for this is apparent; if the 'magic words' are missing the answer is suspected of resting on mere guess or conjecture." 507 P.2d 329, 332 (Kan. 1973). The Kansas Supreme Court rejected the premise that the phrase "reasonable medical certainty" is required for medical testimony. The court held that questions to experts are proper if framed in terms of probabilities of causal relationships. In other words, the "magic words" are no longer absolutely necessary in Kansas courts.

Questions framed in the language of "more probably than not" are an acceptable substitute for the more formal language, "reasonable medical certainty." In Dallas v. Burlington Northern, Inc., 689 P.2d 273 (Mont. 1984) the Montana Supreme Court gave this explanation of "reasonable medical certainty."

Dr. Liem's findings were consistent with the findings of other doctors and medical evidence regarding the Plaintiff's injuries. Dr. Liem's findings were "not rank speculation" and should be allowed in as evidence. If Defendant Curnan had questions regarding the level of certainty in Dr. Liem's findings, Curnan had more than ample time to depose Dr. Liem and ask him these questions.

It was recognized in Hawthorne Partners v. AT&T Technologies, Inc., (831 F. Supp. 1398; 1993 U.S. Dist. LEXIS 12060), that "The trial court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings shall be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be

resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence that is contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine."

Dr. Liem's findings and statements are relevant not only to the extent of the plaintiff's injuries, but to the probable cause of those injuries as well. As for "Impeachment", FRE Rule 607 states that the "The credibility of a witness may be attacked by any party, including the party calling the witness."

**III. <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests this court to deny defendant Curnan's Motion in Limine to exclude the testimony of Leon K. Liem, M.D. at trial.

DATED: Honolulu, Hawaii, February 21, 2006.

MARK R. ZENGER
DONNA E. RICHARDS
Attorneys for Plaintiff
MARK N. BEGLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI;<br><br>Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**DECLARATION OF COUNSEL; EXHIBITS "A" - "C"** |

**DECLARATION OF CHRIS BOUSLOG**

STATE OF HAWAII )
) SS:
CITY AND COUNTY OF HONOLULU )

1. I am one of the attorneys for Plaintiff in the above-entitled lawsuit. I make this Declaration based upon my own personal knowledge of and/or belief in the matters herein set forth. This unsworn Declaration is made in lieu of an affidavit per Rule 7(g) of the Rules of the Circuit Court of the State of Hawaii (as amended by the Hawaii Supreme Court in its Order entered May 22, 1994).

2. Attached as Exhibit "A" is a true and accurate copy of Pages C-0065 and C-0294 from the County of Kauai's production of documents/disclosures of June 25, 2005.

3. Attached as Exhibit "B" is a true and accurate copy of Pages C-0309 through C-0313 from the County of Kauai's production of documents/disclosures of June 25, 2005.

4. I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 21, 2006.

CHRISTOPHER S. BOUSLOG