ORIGINAL

cc: KSC

DONNA E. RICHARDS, #7625
MARK R. ZENGER, #3511
RICHARDS & ZENGER
3016 Umi Street
Suites 204 and 211-B
Lihue, Hawaii 96766
Telephone: (808) 632-0723
Facsimile: (808) 632-0724

CHRISTOPHER S. BOUSLOG #3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908
Telephone: (808) 550-4995
Facsimile: (808) 550-4996

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 21 2006
at 4 o'clock and 31 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY, Plaintiff, vs. COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI; Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**PLAINTIFF MARK N. BEGLEY'S MEMORANDUM IN OPPOSITION TO "DEFENDANT MARTIN W. CURNAN'S MOTION TO EXCLUDE TESTIMONY OF PRIOR CRIMINAL ACTS" FILED ON FEBRUARY 15, 2006; CERTIFICATE OF SERVICE**<br><br>TRIAL WEEK: MARCH 7, 2006 |

**PLAINTIFF MARK N. BEGLEY'S
MEMORANDUM IN OPPOSITION TO
"DEFENDANT MARTIN W. CURNAN'S MOTION
TO EXCLUDE TESTIMONY OF PRIOR CRIMINAL ACTS"
FILED ON FEBRUARY 15, 2006**

Defendant Curnan's motion in limine was filed on February 15, 2006. The deadline for filing motions in limine was February 14, 2006. This Motion in Limine is untimely filed and should accordingly be denied.

Plaintiff's and Defendant Curnan's knowledge of these alleged prior events and/or their conversations regarding these alleged prior events help to establish "motive" and "intent", as well as "knowledge" on the part of Defendant Curnan, relevant to the conspiracy and/or infliction of emotional distress upon the Plaintiff. FRE Rule 404(b), allows "other crimes, wrongs, or acts" to be admissible for these purposes. FRE Rule 401, states that "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In United States v. Cunningham, 103 F.3d. 553 (7th Circuit 1996), evidence of prior bad acts was found

admissible to show motive, even where the evidence tends to show propensity as well.

Evidence of prior criminal acts, and bad acts, is admissible under conditions described by Chief Justice Rehnquist in a unanimous decision in Huddleston v. United States, 485 U.S. 681 (1988)regarding, inter alia, FRE Rule 404(b) in reference to prior criminal acts.

> "We reject petitioner's position, for it is inconsistent with the structure of the Rules of Evidence and with the plain language of Rule 404(b). Article IV of the Rules of Evidence deals with the relevancy of evidence. Rules 401 and 402 establish the broad principle that relevant evidence - evidence that makes the existence of any fact at issue more or less probable - is admissible unless the Rules provide otherwise. Rule 403 allows the trial judge to exclude relevant evidence if, among other things, "its probative value is substantially outweighed by the danger of unfair prejudice." Rules 404 through 412 address specific types of evidence. Generally, these Rules do not flatly prohibit the introduction of such evidence but instead limit the purpose for which it may be introduced. Rule 404(b), for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character. The text contains no intimation, however, that any

preliminary showing is necessary before such evidence may be introduced for a proper purpose. If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.

Petitioner's reading of Rule 404(b) as mandating a preliminary finding by the trial court that the act in question occurred not only superimposes a level of judicial oversight that is nowhere apparent from the language of that provision, but it is simply inconsistent with the legislative history behind Rule 404(b). The Advisory Committee specifically declined to offer any "mechanical solution" to the admission of evidence under 404(b). Advisory Committee's Notes on Fed. Rule Evid. 404(b), 28 U.S.C. App., p. 691. Rather, the Committee indicated that the trial court should assess such evidence under the usual rules for admissibility: "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Ibid.; see also S. Rep. No. 93-1277, p. 25 (1974) ("[I]t is anticipated that with respect to permissible uses for such evidence, the trial judge may exclude it only on the basis of those considerations set forth in Rule 403, i.e. prejudice, confusion or waste of time").

Petitioner's suggestion that a preliminary finding is necessary to protect the

> defendant from the potential for unfair prejudice is also belied by the Reports of the House of Representatives and the Senate. The House made clear that the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version." H. R. Rep. No. 93-650, p. 7 (1973). The Senate echoed this theme: "[T]he use of the discretionary word `may' with respect to the admissibility of evidence of crimes, wrongs, or other acts is not intended to confer any arbitrary discretion on the trial judge." S. Rep. No. 93-1277, supra, at 24. Thus, Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence [485 U.S. 681, 689] as it was with ensuring that restrictions would not be placed on the admission of such evidence."

Chief Justice Rehnquist further stated "We emphasize that in assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all [485 U.S. 681, 691] evidence presented to the jury."[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." Bourjaily v. United States, 83 U.S. 171, 179 -180 (1987).

In L'esperance v. John Mings, U.S. Dist. Court for the District of New Mexico (2003 U.S. Dist. LEXIS

26754), the Court ruled regarding the admission of prior bad acts. "The [prior] events of November 18 and 19, 2001, independent of whether they were known to Defendant Mings prior to the shooting, are viewed by the Court as being within the realm of the totality of the circumstances, and therefore, relevant. The Court defers ruling on the admissibility of this evidence with respect to the damages portion of the trial. Thus, Plaintiff's Third Motion in Limine is denied in part and deferred in part."

It was recognized in Hawthorne Partners v. AT&T Technologies, Inc., (831 F. Supp. 1398; 1993 U.S. Dist. LEXIS 12060), that "The trial court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings shall be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence that is contemplated by the motion will be admitted at trial. Denial merely means that without the context of

trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine."

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendant Curnan's Motion in Limine to exclude testimony concerning allegations of alleged prior criminal activities of Defendant Martin Curnan, Defendant David Nawai and unknown third-parties.

DATED: Honolulu, Hawaii, February 21, 2006

MARK R. ZENGER
DONNA E. RICHARDS
Attorneys for Plaintiff
MARK N. BEGLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI;<br><br>Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within will be duly served on the following in the manner described below:

| | **Mailed** | **Delivered** |
|---|---|---|
| MICHAEL J. McGUIGAN, ESQ.<br>ELMIRA K. L. TSANG, ESQ.<br>Reinwald O'Connor & Playdon<br>Pacific Guardian Center<br>Makai Tower, Suite 2400<br>733 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>MARTIN W. CURNAN | (X) | |

| | Mailed | Delivered |
|---|---|---|
| DAVID NAWAI<br>2931 Kalena Street, No. 2<br>Lihue, Hawaii 96766<br><br>Pro Se Defendant | (X) | |

DATED: Honolulu, Hawaii, February 21, 2006.

MARK R. ZENGER
DONNA E. RICHARDS
CHRISTOPHER S. BOUSLOG
Attorneys for Plaintiff
MARK N. BEGLEY