IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

This motion is brought by Leon K. Liem ("Dr. Liem"), a non-party to this action, for the issuance of an order of this court quashing the "Subpoena In A Civil Case," dated February 28, 2006 (the "Subpoena"), directed to him and issued from Plaintiff MARK N. BEGLEY.

II. STATEMENT OF FACTS RELEVANT TO THIS MOTION:

The relevant statement of facts are:

Dr. Liem was not previously contacted to schedule his deposition. Declaration of Leon K. Liem, M.D. ("Liem Dec."), ¶6.

The Subpoena was not personally served upon Dr. Liem, but was left at his office on March 1, 2006. Liem Dec. ¶4. Dr. Liem did not sign any receipt for the Subpoena. Id.

The Subpoena was not accompanied by the tender of any witness attendance fees or mileage cost fees. Liem Dec. ¶5.

Dr. Liem is a neurosurgeon who has many surgeries scheduled during the week of March 7, 2006. Liem Dec. ¶9. Dr. Liem's secretary's attempt to have the Subpoena withdrawn was unsuccessful. Liem Dec. ¶8.

Dr. Liem's schedule from March 7 to 10, 2006 is as follows:

A. March 7, 2006:
Surgery, two patients, at Queens Medical Center scheduled from 7:00 a.m. until 4:00 p.m.

B. March 8, 2006:
Surgery, two patients, at Gamma Knife Center of the Pacific, scheduled from 8:30 a.m. until 3:00 p.m.

C. March 9, 2006:
On call to Queen's Medical Center Emergency Room all day. There is a very high likelihood that Dr. Liem will be called to consult, as the on-call neurologist/neurosurgeon is consulted on almost all head trauma cases. He is also scheduled for a mandatory Operating Room Committee Meeting from 7:30 a.m. to 8:30 a.m. He also has mandatory follow up with post-operative patients.

D. March 10, 2006:
Surgery at Kaiser, scheduled from 8:00 a.m. to approximately 1:00 p.m.

Liem Dec. ¶9. A copy of the Subpoena is attached to the Liem Declaration.

## III. ARGUMENT

### A. Dr. Liem Is Entitled To An Order Quashing The Subpoena For Lack Of Personal Service Upon Dr. Liem.

Pursuant to Rule 45, a subpoena must be personally served. This is a basic tenet of procedural law. 9A C. Wright and A. Miller, Federal Practice & Procedure, Civil 2d, § 2454. Professors Wright and Miller state the operative rule:

> Personal service of subpoenas is required. The use of the word "delivering" in the rule with reference to the person to be served has been construed literally. Contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most papers after the summons and complaint, service on a person's lawyer will not suffice.

9A C. Wright and A. Miller, Federal Practice & Procedure, Civil 2d, § 2454 (footnotes omitted) (emphasis added). In this case, no personal was ever effected.[1] Liem Dec. ¶4.

### B. Dr. Liem Is Entitled To An Order Quashing The Subpoena For Plaintiff's Failure To Tender Witness And Mileage Fees.

Dr. Liem is also entitled to quash the Subpoena because no witness or mileage fees were tendered with the Subpoena. Therefore, even if the Subpoena had been personally served (which

---

[1] Further, it is questionable how Plaintiff can comply with the proof of service requirement of FRCP 45(b)(3), which requires:

> Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

it was not), it is still fatally defective and void for the lack of tendered fees. The relevant provisions of FRCP 45(b) provide:

> (b) Service.
> (1) . . . .Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

Fed. R. Civ. Proc. 45(b)(1).

Professors Wright and Miller also state that this requirement is mandatory.

> Service of the subpoena must be accompanied by tendering to the witness the fees for one day's attendance and the mileage allowed by law. Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.

9A C. Wright and A. Miller, Federal Practice & Procedure, Civil 2d, § 2454 (footnotes omitted) (emphasis added). In this case, no witness or mileage fees were tendered with the attempted service of the Subpoena. Liem Dec. ¶5.

C. The Subpoena Directed To Dr. Liem Must Be Quashed Because It Subject Him And Others To An Undue Burden.

FRCP 45(c)(3)(A)(iv) requires the quashing of a subpoena when it "subjects a person to undue burden." Requiring Dr. Liem to appear as requested on March 7, 2006 (and for day to day thereafter), would not only subject him to an undue burden, but his patients, in particular his surgical patients, and the Queen's Medical Center Emergency Room at an undue burden.

The Federal Rules also require the attorney issuing the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." FRCP 45(c)(1). No such action was taken.

Dr. Liem has itemized his schedule, in particular his surgical schedule from March 7, 2006. It is itemized in the Statement of Facts above, as well as his attached Declaration. Dr. Liem is unable to testify on March 7 or 8, 2006, because of his surgical schedule at Queen's Medical Center and the Gamma Knife Center of the Pacific. His patients are not suffering neurosurgery as an elective procedure, and it is imperative that the time reserved for such surgeries be used for that purpose. If the surgical patients had a voice before this Court, undoubtedly, they would request the issuance of the requested Order to Quash Subpoena.

On March 9, 2006, Dr. Liem is the on-call neurologist/ neurosurgeon at the Queen's Medical Center. There is a very high likelihood that Dr. Liem will be called to consult on emergency room matters on March 9, 2006, because the on-call neurologist/ neurosurgeon is consulted on almost all head trauma cases.

On March 10, 2006, Dr. Liem is scheduled for further surgery at Kaiser from 8:00 a.m. to approximately 1:00 p.m. The following week of March 13, 2006, is not significantly different, and if required, Dr. Liem is willing to itemize his surgical and medical schedule for the week of March 13th as well.

Based on the foregoing, it is patent that, at this point, the Subpoena must be quashed. It is a credit to Dr. Liem that although he could have permissibly ignored the void Subpoena, that he elected to work through the system by seeking the Court's Order to Quash the Subpoena.

Plaintiff cannot remedy his defects by quickly issuing a new subpoena which complies with the required rules. Dr. Liem and the other unrepresented but interested patients of his will nevertheless still maintain their urgent need for surgical and medical care, and Plaintiff cannot maintain the "undue burden" requirement of FRCP 45(c)(3)(A)(iv) or the "reasonable notice" requirement of FRCP 45(c)(3)(A)(i).[2]

D. Dr. Liem Is Entitled To An Award Of His Attorneys' Fees Incurred In Bringing This Motion.

Dr. Liem should be awarded his fees for having been required to incur the costs to bring and argue the instant motion when his entitlement to relief is patent. Prior to retaining counsel, Dr. Liem attempted to resolve this matter with Plaintiff's counsel, who was inflexible and refused to withdraw the Subpoena. Liem Dec., ¶ 8. An award of attorneys' fees to compensate Dr. Liem for having to bring the instant motion under FRCP 45(c)(1) is warranted.

---

[2] FRCP 45(c)(3)(A)(i) provides: On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it fails to allow reasonable time for compliance.

## IV. CONCLUSION

This Court should issue the requested Order to Quash Subpoena, pursuant to F.R.C.P. 45.

DATED: Honolulu, Hawaii, March 3, 2006.

LYLE M. ISHIDA
Attorney for LEON LIEM, M.D.