IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY, Plaintiff, vs. COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI, Defendants. | CIVIL NO. 03-00162 DAE-KSC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CURNAN'S MOTIONS IN LIMINE |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CURNAN'S MOTIONS IN LIMINE

On February 15, 2006, Defendant Martin W. Curnan ("Defendant Curnan") filed the following four (4) motions in limine: (1) Defendant Martin W. Curnan's Motion to Exclude the Testimony of D. Thomas Rogers, M.D. as to Causation ("Motion to Exclude Testimony of Dr. Rogers"); (2) Defendant Martin W. Curnan's Motion in Limine to Exclude Testimony of Leon K. Liem, M.D. ("Motion to Exclude Testimony of Dr. Liem"); (3)

Defendant Martin W. Curnan's Motion in Limine to Exclude Testimony Concerning Allegations of Alleged Prior Criminal Activities of Defendant Martin Curnan, Defendant David Nawai and Unknown Third-Parties ("Motion to Exclude Testimony Concerning Allegations of Alleged Prior Criminal Activities"); and (4) Defendant Martin W. Curnan's Motion in Limine to Exclude Reference to Standard of Conduct, Police Department, County of Kauai ("Motion to Exclude Reference to Standard of Conduct"). On February 21, 2006, Plaintiff Mark K. Begley ("Plaintiff") filed memoranda in opposition to these motions.

The motions came on for hearing on March 2, 2006. Attorney Mark Zenger appeared on behalf of Plaintiff; Attorney Michael J. McGuigan appeared on behalf of Defendant Curnan; Defendant pro se David Nawai appeared by telephone.

The Court, having considered the supporting and opposing memoranda, the record before it, and arguments of counsel, GRANTS in part and DENIES in part Defendant

Curnan's motions. The Court will address each motion in turn.

I. Motion to Exclude the Testimony of Dr. Liem

Defendant Curnan seeks to exclude the testimony of Dr. Liem, Plaintiff's treating physician, as to causation. Defendant Curnan objects to Plaintiff using Dr. Liem's statement regarding causation to the extent that it will be used by Plaintiff's counsel to impeach Defendant Curnan and/or Defendant Nawai. Plaintiff argues that Dr. Liem's findings are relevant not only to the extent of Plaintiff's injuries, but also as to the probable cause of those injuries. Plaintiff states that Dr. Liem's opinion meets the "reasonable medical certainty" standard.

Pursuant to Federal Rule of Evidence("FRE")104, the court must make the initial determination as to whether a proposed expert is qualified and whether the opinion testimony is admissible under FRE 702. FRE 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to

> determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or date, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. If a party must prove causation through expert testimony, the expert must testify with reasonable medical certainty that the result in question did come from the cause alleged. See In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 751 (3d. Cir. 1994).

Here, the Court finds that the record before it is incomplete to determine whether Dr. Liem is qualified to be an expert, what are the factual bases of his opinions, if any, and whether his opinions are reliable. Consequently, the Court DENIES Defendant Curnan's Motion to Exclude Testimony of Dr. Liem without prejudice to defense counsel's voir dire of Dr. Liem at trial to determine his qualifications to be an expert and the factual bases of any opinions that Plaintiff's counsel may seek to elicit at trial.

II. Motion to Exclude the Testimony of Dr. Rogers

Defendant Curnan seeks to exclude the testimony of Dr. Rogers, an independent medical examiner, as to causation. Defendant Curnan argues that he was not given adequate notice of Dr. Roger's proposed testimony, since Dr. Rogers' report dated June 14, 2004 does not address the issue of causation. Plaintiff argues that Dr. Rogers' opinion as to causation is contained in his "Chart Notes" dated June 17, 2004.

The Court finds that the record is even more incomplete then the record presented with respect to Dr. Liem. The Court has not been provided with a copy of Dr. Rogers' June 14, 2004 expert report. Thus, it is unclear to the Court as to what opinions will be offered by Dr. Rogers at trial. Moreover, the handwritten entry purportedly made by Dr. Rogers in the "Chart Notes" may or may not be Dr. Rogers' expert opinion and the Court is unable to determine whether the notation on the "Chart Notes" is reliable or relevant to Plaintiff's theory of causation.

Consequently, based on the record before presented, the Court DENIES Defendant Curnan's Motion to Exclude Testimony of Dr. Rogers without prejudice to defense counsel's voir dire of Dr. Rogers at trial to determine his qualifications to be an expert and the factual bases of any opinions that Plaintiff's counsel may seek to elicit at trial.

III. <u>Motion to Exclude Testimony Concerning Allegations of Alleged Prior Criminal Activities</u>

Defendant Curnan also seeks to exclude testimony concerning allegations of alleged prior criminal activities of Defendant Curnan, Defendant Nawai, and unknown third-parties. Defendant seeks to exclude the evidence related to the allegations contained in paragraphs 11, 13, 29, 38, 39, 40, 41, 54, 55, and 56 of Plaintiff's First Amended Complaint. Plaintiff argues that he is seeking to introduce evidence of Plaintiff's accusations that Defendant Curnan was involved in criminal activities in order to establish motive and intent.

Federal Rule of Evidence 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...

Fed. R. Evid. 404(b).

The Court finds that the allegations contained in paragraphs 38, 39, 40, 41, 54, 55, and 56 of Plaintiff's First Amended Complaint relate to matters Plaintiff told Defendant Freitas, the former Chief of Police, and the conduct of Defendant Freitas, and are no longer relevant to the present action. On the other hand, the allegations contained in paragraphs 11, 13, and 29 relate to matters that Plaintiff allegedly told Defendant Curnan prior to the incident, and could be relevant to establish Defendant Curnan's motive or intent, if any.

Plaintiff also does not object to the motion as it applies to paragraphs 38, 39, 40, 41, 54, 55, and 56 of the First Amended Complaint. Based on the foregoing, the Court GRANTS Defendant Curnan's Motion to Exclude Testimony Concerning Allegations of Alleged Prior Criminal Activities as to evidence related to the allegations contained in paragraphs 38, 39, 40, 41, 54, 55, and 56 of Plaintiff's Complaint, and DENIES the motion as to the information contained in paragraphs 11, 13, and 29 of Plaintiff's Complaint.

IV. Motion to Exclude Reference to Standard of Conduct

Defendant Curnan requests that all references to Standard of Conduct, Police Department, County of Kauai ("Standard of Conduct") be excluded. Defendant Curnan argues that the Standard of Conduct is irrelevant and prejudicial. Plaintiff argues that the Standard of Conduct is relevant to show Defendant Curnan's state of mind at the time of the incident.

Evidence must be relevant in order to be admissible. See Fed. R. Evid. 401. The remaining

claims against Defendant Curnan are conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendant Curnan's state of mind at the time of the incident may be relevant to Plaintiff's negligent infliction of emotional distress claim. However, Plaintiff has not identified the specific provisions of any Standard of Conduct that Plaintiff intends to use at trial. Consequently, the Court DENIES Defendant Curnan's Motion to Exclude Reference to Standard of Conduct without prejudice to defense counsel's objections to admissibility at trial.

## IV. Conclusion

For all of the aforementioned reasons, Defendant Curnan's Motion to Exclude Testimony of Dr. Liem is DENIED without prejudice; Defendant Curnan's Motion to Exclude the Testimony of Dr. Rogers is DENIED without prejudice; Defendant Curnan's Motion to Exclude the Testimony Concerning Allegations of Alleged Prior Criminal Activities is GRANTED in part and DENIED in

part; and Defendant Curnan's Motion to Exclude Reference to Standard of Conduct is DENIED without prejudice as stated herein.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, March 2, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 03-00162 DAE-KSC; MARK N. BEGLEY vs. COUNTY OF KAUAI, et. al.; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CURNAN'S MOTIONS IN LIMINE