REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN 2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawai`i 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorneys for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>DEFENDANT MARTIN W. CURNAN'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER; CERTIFICATE OF SERVICE<br><br>TRIAL: MARCH 7, 2006<br><br>JUDGE: KEVIN S.C. CHANG |

DEFENDANT MARTIN W. CURNAN'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Martin W. Curnan, by and through his attorneys, Reinwald O'Connor & Playdon LLP, hereby submits that attached Proposed Findings

of Fact and Conclusions of Law.

DATED: Honolulu, Hawai`i, MAR 1 6 2006.

MICHAEL J. McGUIGAN
*Attorney for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 5, 2004, Plaintiff Martin N. Begley ("Plaintiff") filed a First Amended Complaint ("the Complaint") against Defendants County of Kauai ("the County"), George Freitas ("Defendant Freitas"), Martin W. Curnan ("Defendant Curnan"), and David Nawai ("Defendant Nawai"). The County filed its Answer to the Complaint on April 20, 2004, Defendant Curnan filed his Answer on May 11, 2004, Defendant Freitas filed his Answer on May 21, 2004, and Defendant Nawai filed his Answer on February 28, 2005. Defendants Freitas and the County were dismissed from

this matter as a result of summary judgment being entered in their favor on October 4, 2005.

The Court, having considered the records and files herein, the testimony of witnesses and evidence admitted at a non-jury trial held on March 7 and 8, 2006, and the arguments by the parties given on March 9, 2006, and

GOOD CAUSE APPEARING, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On May 17, 2002, after a late-afternoon and evening of drinking beer, Plaintiff, Defendants Curnan and Nawai, and Buddy Wilson ended up at a private party at the Koloa Mill ("the Mill"), Island of Kauai, to which they were not invited.

2. At some point thereafter, Defendant Nawai and Plaintiff began arguing about their presence at the Mill. See Trial Testimony of Martin W. Curnan, March 7, 2006 ("Curnan Testimony"); Testimony of David Nawai, March 7-8, 2006 ("Nawai Testimony"); Trial Testimony of Buddy Wilson, March 8, 2006. The argument continued while the parties were en route to Buddy Wilson's home, in Lihue, Kauai, where Plaintiff and Defendant

Nawai's truck were parked. See Curnan Testimony; Nawai Testimony; Wilson Testimony.

3. Defendant Curnan and Buddy Wilson attempted to stop the two from arguing so as to avoid a confrontation. See Curnan Testimony; Wilson Testimony.

4. Plaintiff insisted that Defendant Nawai meet Plaintiff at the Dairy Queen parking lot to settle their argument. See Curnan Testimony; Nawai Testimony.

5. Plaintiff drove himself to the Dairy Queen parking lot instead of going home. See Curnan Testimony; Nawai Testimony.

6. Defendants Curnan and Nawai rode together to the Dairy Queen during which point Defendant Curnan again attempted to calm down Defendant Nawai and diffuse the situation. See Curnan Testimony; Nawai Testimony.

7. Defendant Nawai, nevertheless, proceeded to the Dairy Queen. See Curnan Testimony; Nawai Testimony.

8. Plaintiff arrived at the Dairy Queen parking lot first, exited his vehicle, and walked towards Defendant Nawai, who had since arrived. See Curnan Testimony; Nawai Testimony (Court's examination).

9. Defendant Nawai exited his vehicle, and as Plaintiff approached announced something to the effect of "we don't have to do this". See Nawai Testimony (Court's examination).

10. Plaintiff swung at Defendant Nawai with a closed fist and missed, and swung a second time and impacted Defendant Nawai's shoulder. See Nawai Testimony (Court's examination).

11. In response, Defendant Nawai struck Plaintiff with a single punch to his jaw. See Curnan Testimony; Nawai Testimony.

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. To recover for the intentional infliction of emotional distress, a plaintiff must demonstrate that the defendant intentionally acted "without just cause or excuse and beyond all bounds of decency", and should have known that such conduct was likely to cause plaintiff to suffer illness. Dunlea v. Dappen, 83 Haw. 28, 38, 924 P.2d 196, 206 (Haw. 1996). Hac v. University of Hawaii, 102 Haw. 92, 73 P.3d 46 (2003). In other words, the act must be "outrageous", a concept which has been explained as follows:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by

> "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Id.

2. The facts in this case show nothing more than a fist-fight between Plaintiff and Defendant Nawai, which was instigated by Plaintiff and took place despite the efforts of Defendant Curnan. Such an event does not rise to the level of being "outrageous" as defined in Dunlea, supra.

3. Consequently, the Court concludes that Plaintiff's claim for intentional infliction of emotional distress against Defendants Nawai and Curnan fails as a matter of law.

4. The Hawaii Supreme Court has held that "[a]lthough the tort of "conspiracy" has not been clearly defined, it is clear that there can be no civil claim based upon a conspiracy alone." Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822 (Haw. 1969). Hence, a claim for civil conspiracy is derivative. Id. ("Since the complaint in this case has not set forth any actionable claim based upon deceit, there can be no claim against any

alleged joint tortfeasor based solely upon conspiracy to deceive."). Further, "mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement." Robert's Hawaii School Bus, Inc. v. Laupahoehoe Trans. Co., 91 Haw. 224, 260 n. 44, 982 P.2d 853, 889 n. 44 (Haw. 1999).

5. Plaintiff has failed to demonstrate that there was agreement between Defendants Nawai and Curnan and any other third person to accomplish a common plan or goal by lawful or unlawful means to inflict harm upon Plaintiff. In fact, the evidence shows that Defendant Curnan had tried to avert a conflict between Defendant Nawai and Plaintiff at several points.

6. Therefore, Plaintiff's claim for conspiracy against Defendants Nawai and Curnan fails as a matter of law.

7. With regard to alleged violation of 42 United States Code § 1983 as to Defendant Nawai only, the Court finds and concludes as a matter of law, that the Plaintiff has failed to prove that Defendant Nawai acted under color of law an essential element of the cause of action for a violation of Title 42 United States Code § 1983.

8. The Court finds and concludes as a matter of law that Plaintiff has failed to prove that Defendant Nawai intended to confine the Plaintiff

within boundaries set by Defendant Nawai, an essential element of the cause of action for false imprisonment. See Noguchi v. Nakamura, 2 Haw. App. 655, 638 P.2d 1383 (1982).

9. To the extent that any of these conclusions of law include or can be construed to be findings of fact, those conclusions shall operate as such.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, and considering all of the evidence in light most favorable to the Plaintiff and drawing all inferences in favor of the Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court grants the oral motions made by Defendant Curnan and Defendant Nawai and involuntarily dismisses Plaintiff's claims on conspiracy and intentional infliction of emotional distress against Defendants Curnan and Nawai and dismisses Plaintiff's claims of violation of 42 United States Code § 1983 and false imprisonment against Defendant Nawai.

Based upon the foregoing findings and conclusions, the Plaintiff has not made out a prima facie case and failed to establish essential

elements of the stated causes of action.

DATED: Honolulu, Hawai`i, ___________________________.

______________________________________
MAGISTRATE JUDGE KEVIN S.C. CHANG

---

FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND ORDER, *Mark N. Begley vs. County of Kauai, Kauai Police Department, George Freitas, Martin W. Curnan, and David Nawai*; Civil No. 03-00162 KSC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document will be served upon the following parties electronically and by means indicated below on the date listed below:

| | |
|---|---|
| DONNA E. RICHARDS, ESQ.<br>MARK R. ZENGER, ESQ.<br>Richards & Zenger<br>P. O. Box 3966<br>Lihue, Hawai`i 96766<br>*Attorneys for Plaintiff* | MAILED |

DAVID NAWAI
2931 Kalena Street, Apt. 2
Lihue, Hawai`i 96766
*Pro Se Defendant*

MAILED

DATED: Honolulu, Hawai`i, MAR 1 6 2006.

[signature]

MICHAEL J. McGUIGAN
*Attorney for Defendant*
*MARTIN W. CURNAN*