REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN 2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawai`i 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorney for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>DEFENDANT MARTIN W. CURNAN'S CLOSING SUBMISSION REGARDING COUNT V; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: MARCH 7, 2006<br><br>MAGISTRATE JUDGE KEVIN S.C. CHANG |

DEFENDANT MARTIN W. CURNAN'S
CLOSING SUBMISSION REGARDING COUNT V

In the Plaintiff's First Amended Complaint filed on March 5, 2004, the Plaintiff in Count V alleges that "Defendants County of Kauai, Freitas, Curnan

and Nawai negligently inflicted severe emotional distress on Plaintiff." He claims that "as a direct and proximate result of the negligent infliction of emotional distress, Plaintiff has been damaged as set forth above." As the Court ruled in its Order Granting In Part and Denying in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed 03/05/04 or For Summary Judgment filed July 26, 2005:

> "In order for Plaintiff to prove his claim of negligent infliction of emotional distress, he must show (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." Tran v. State Farm Mutual Automobile Insurance Co., 999 F.Supp 1369, 1375. A cognizable claim for negligent infliction of emotional distress under Hawaii law also "requires a physical injury to either a person or property," Calleon v. Miyagi, 76 Haw. 310, 320 876 P.2d 1278, 1288 (1994) (as amended by grant of reconsideration on July 15, 1994), or mental illness. Plaintiff's claims of emotional distress arises out of the conduct discussed herein. Because the court has found that a triable issue of fact exists regarding the existence of a conspiracy against Plaintiff by Defendant Curnan and Defendant Nawai, the court denies summary judgment to Defendant Curnan on Plaintiff's emotional distress claims." [emphasis added].

See the Court's Order Granting in Part and Denying in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed 03/05/04 or for Summary Judgment filed on July 26, 2005 at pages 29 and 30.

The Court having found that there exists no liability for the claim of conspiracy, the Court as the trier of fact should find no liability as to the claim of negligent infliction of emotional distress.

A review of the entire trial record, including Plaintiff Begley's testimony fails to reveal any evidence that would support Begley's claim of "serious emotional distress."

At the close of the Plaintiff's case, Mr. Begley was asked whether he felt that his quality of life was the same as before May 17, 2002. Mr. Begley responded that presently he did not sleep well and that he was a bit more paranoid, that he had headaches and lacks energy. When asked in follow up if there was anything else to which he would respond, Mr. Begley said "that's what's coming to mind right now." Mr. Begley was simply not questioned regarding his claim of negligent infliction of emotional distress.

In Rodrigues v. State, 52 Haw. 156, 472 P.2d 509 (1970), the court recognized the independent tort of negligent infliction of emotional distress and annunciated the rule that "[s]erious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.

In Tabieros v. Clark Equipment Co., 85 Haw. 336, 362, 944 P.2d 1279 (1997), the court clarified the standard set out in Rodrigues:

> "Nevertheless, neither the trial court nor the members of the jury may, without more, legitimately find in favor of a plaintiff merely because they *imagine* that they – or a hypothetical reasonable person – *might* experience serious emotional distress under the circumstances presented." Tabieros at 363.

In all cases, however, it is the defendant's behavior, conduct or negligence which breaches a duty owed directly to the plaintiff. See Roes v. FHP, Inc., 91 Haw. 470, 985 P.2d 661 (1999).

The unrefuted testimony of Defendants Curnan and Nawai clearly demonstrate that Curnan breached no duty to Begley. The testimony demonstrates that Curnan engaged himself as the peacemaker to alleviate any physical confrontation between Nawai and Begley.

Inasmuch as Begley has failed to demonstrate any conduct by Curnan that would have actually caused him serious mental distress, there can be no finding of liability and respectfully urges this Court to enter such a finding.

DATED: Honolulu, Hawai`i, MAR 16 2006.

MICHAEL J. McGUIGAN
*Attorneys for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK N. BEGLEY,

Plaintiff,

vs.

COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,

Defendants.

CIVIL NO. CV03-00162 KSC

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document will be served upon the following parties electronically and by means indicated below on the date listed below:

DONNA E. RICHARDS, ESQ.
MARK R. ZENGER, ESQ.
Richards & Zenger
P. O. Box 3966
Lihue, Hawai`i 96766
*Attorneys for Plaintiff*

MAILED

DAVID NAWAI
2931 Kalena Street, Apt. 2
Lihue, Hawai`i 96766
*Pro Se Defendant*

MAILED

DATED: Honolulu, Hawai`i, MAR 16 2006.

MICHAEL J. McGUIGAN
*Attorney for Defendant*
*MARTIN W. CURNAN*