cc: KSC orig sig to follow

ORIGINAL

DONNA E. RICHARDS, #7625
MARK R. ZENGER, #3511
RICHARDS & ZENGER
3016 Umi Street
Suite 204
Lihue, Hawaii 96766
Telephone: (808) 632-0723
Facsimile: (808) 632-0724

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 16 2006

at 10 o'clock and 05 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI;<br><br>Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**WRITTEN SUBMISSION ON CLOSING ARGUMENTS OF PLAINTIFF MARK N. BEGLEY; CERTIFICATE OF SERVICE;**<br><br>**Jury-Waived Trial: March 7 and 8, 2006**<br>**Magistrate Judge: Kevin S. C. Chang** |

**WRITTEN SUBMISSION ON CLOSING**
**<u>ARGUMENTS OF PLAINTIFF MARK N. BEGLEY</u>**

Plaintiff MARK N. BEGLEY (hereinafter referred to as "Plaintiff"), by and through his attorney, Mark R. Zenger, Esq., submits the following Written

Submission On Closing Arguments in the above-captioned matter.

## II. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM.

The Court found that Plaintiff attacked Nawai at the Dairy Queen Parking Lot in Lihue and that Nawai, acting in self defense, knocked Plaintiff out with a single punch to Plaintiff's jaw.

The Court's ruling makes it clear that neither Curnan nor Nawai initially had to help Plaintiff. They could have just left him lying there, no matter how bad he was hurt. However, it is hornbook law that when one undertakes to act as a "Good Samaritan", then one has a duty to render aid in a reasonable manner and not make the plight of the injured party worse. This universally recognized legal and duty has been specifically recognized by the Hawaii Supreme Court's holding in Mr. and Mrs. Doe Parents No. 1, et. al, v. State of Hawaii Department of Education 100 Haw. 34, 58 P.3d 545 (2002); The, the Court adopted in total Restatement of Torts Section 314 A.

The conduct of Curnan and Nawai clearly made

Plaintiff's situation and injuries after his brief fight with Nawai much worse.

Buddy Wilson's testimony made it clear that Plaintiff was injured around 11:15 p.m. Both Curnan and Nawai were to drunk, too distracted, or both, to even know what time it was when they left Wilson's house in Lihue. But Wilson remembers. His uncontroverted, unchallenged testimony shows that it was a little after 11:00 p.m. The fight took place just a few minutes later. But it didn't take Curnan and Nawai twenty (2) minutes to get to Kapaa. Remarkably, it took them **more than ninety (90) minutes.** We know that because Nadine Begley looked at the clock when Curnan and Nawai brought Plaintiff home. Why they took so much time we will never know. No matter what, Curnan and Nawai taking that much time to get Plaintiff from Lihue to Kapaa, given his dire physical condition, was absolutely inexcusable and a blatant violation of the duties that Curnan and Nawai owed to him.

When Defendant Curnan and Defendant Nawai finally got Plaintiff home, they made matters way worse

by lying to his wife, Nadine. Their proferred reason: they wanted their "friend" to "save face" in front of his wife. For Curnan and Nawai, risking permanent brain damage or even death is better than admitting that they got beat up while trying to be a tough guy.

The only thing Curnan's and Nawai's lies to Nadine accomplished was to needlessly and further delay Plaintiff from receiving the professional medical treatment that he so badly needed for three whole days.

It is crystal clear that Curnan and Nawai both engaged in negligent conduct toward Plaintiff, that Plaintiff has suffered serious emotional and that he suffered that distress as the result of Curnan's and Nawai's negligent conduct. Under Hawaii law, as set forth in Tran v. State Farm Mutual Automobile Insurance Co., 999 F.Supp. 1369, 1375 (1998), Plaintiff has clearly met his burden of proof on each and every element of the negligent infliction claim.

Plaintiff therefore requests that the Court find that Curnan and Nawai are each fifty percent (50%) at fault for the negligent infliction of emotional distress

that Plaintiff has suffered as a result of their conduct in this case.

Prior to the events of May 17 and 18, 2002, Plaintiff had never been on light duty at KPD, not suffered from periodic headaches, not suffered from sleeplessness, and never had constant "ringing noise" in his left ear. Now he does, and he will never be the same, all due to the negligence of Curnan and Nawai.

**IV. CONCLUSION.**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable court render a verdict and judgment in favor of Plaintiff on Count V of the First Amended Complaint, Negligent Infliction of Emotional Distress, against Defendant Curnan for general damages in the amount of ONE HUNDRED THOUSAND DOLLARS AND 00/00 ($100,000.00) and against Defendant Nawai for general damages in the amount of ONE HUNDRED THOUSAND DOLLARS AND 00/00 ($100,000.00).

______________________________
MARK R. ZENGER
Attorney for Plaintiff
MARK N. BEGLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT; GEORGE FREITAS; MARTIN W. CURNAN; and DAVID NAWAI;<br><br>Defendants. | CIVIL NO. CV 03-00162 KSC<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within will be duly served on the following in the manner described below:

| | Mailed | Delivered |
|---|---|---|
| MICHAEL J. McGUIGAN, ESQ.<br>ELMIRA K. L. TSANG, ESQ.<br>Reinwald O'Connor & Playdon<br>Pacific Guardian Center<br>Makai Tower, Suite 2400<br>733 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>MARTIN W. CURNAN | (X) | |

| | **Mailed** | **Delivered** |
|---|---|---|
| DAVID NAWAI<br>2931 Kalena Street, No. 2<br>Lihue, Hawaii 96766<br><br>Pro Se Defendant | (X) | |

DATED: Honolulu, Hawaii, March 16, 2006.

MARK R. ZENGER
Attorney for Plaintiff
MARK N. BEGLEY

that Plaintiff has suffered as a result of their conduct in this case.

Prior to the events of May 17 and 18, 2002, Plaintiff had never been on light duty at KPD, not suffered from periodic headaches, not suffered from sleeplessness, and never had constant "ringing noise" in his left ear. Now he does, and he will never be the same, all due to the negligence of Curnan and Nawai.

**IV. CONCLUSION.**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable court render a verdict and judgment in favor of Plaintiff on Count V of the First Amended Complaint, Negligent Infliction of Emotional Distress, against Defendant Curnan for general damages in the amount of ONE HUNDRED THOUSAND DOLLARS AND 00/00 ($100,000.00) and against Defendant Nawai for general damages in the amount of ONE HUNDRED THOUSAND DOLLARS AND 00/00 ($100,000.00).

MARK R. ZENGER
Attorney for Plaintiff
MARK N. BEGLEY