REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN 2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawai`i 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorneys for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>DEFENDANT MARTIN W. CURNAN'S OBJECTIONS TO PLAINTIFF MARK N. BEGLEY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE<br><br>TRIAL: MARCH 7, 2006<br><br>JUDGE: KEVIN S.C. CHANG |

DEFENDANT MARTIN W. CURNAN'S
OBJECTIONS TO PLAINTIFF MARK N. BEGLEY'S
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Local Rule 52.1, Defendant Martin W. Curnan ("Defendant Curnan"), by and through his attorneys, Reinwald O'Connor &

Playdon LLP, hereby submits his objections to Plaintiff Mark N. Begley's ("Plaintiff") Proposed Findings of Fact ("Plaintiff's Findings") and Conclusions of Law ("Plaintiff's Conclusions") (collectively "Plaintiff's Findings and Conclusions")[1].

Defendant Curnan's objections include, but are not limited to, the following:

1. Plaintiff's Findings and Conclusions do not make any mention of either Defendant Curnan's or Buddy Wilson's peacemaking efforts with respect to the altercation between Plaintiff and Defendant David Nawai ("Defendant Nawai"), which the Court specifically referenced and relied upon in its ruling.

2. Throughout Plaintiff's Findings, there are numerous references to the exact amount of time the parties were at certain locations and the exact amount of time it took the parties to cover certain distances. See, e.g., Plaintiff's Findings at 9-10 (¶¶28-31), 15 (¶¶47-48), and 16 (¶47). The Court, however, made no such findings, and in any event, such findings are immaterial to the conclusions of law reached by the Court.

[1] Defendant Curnan wishes to point out that the numbering of Plaintiff's Proposed Findings of Fact is substantially off, making it difficult reference his objections. Nevertheless, Defendant Curnan has done his best to make clear to the Court which passages he is referencing.

3. Plaintiff's Findings includes a section describing in unwarranted detail the sequence of events immediately following Defendant Nawai striking Plaintiff. See Plaintiff's Findings at 12 (¶39) - 13 (¶43). The Court made no findings with respect to the manner in which Plaintiff fell, no findings with respect to any causal connection between Plaintiff's fall and any alleged injuries, and in any event, such findings are immaterial to the conclusions reached by the Court. Plaintiff's Conclusions that incorporate such findings are likewise unwarranted as they were not reached by the Court. See Plaintiff's Conclusions at 23 (¶10) - 27 (¶23).

4. At page 11-12, ¶37 of Plaintiff's Findings, Plaintiff characterizes the second punch he threw at Defendant Nawai as having "grazed" Defendant Nawai. The Court, however, made no such finding. Rather, the Court found only that Plaintiff's second punch hit or impacted Defendant Nawai, and did not elaborate as to the magnitude of the punch.

5. At page 24, ¶12 of Plaintiff's Conclusions, Plaintiff contends that the Court found that Defendants Curnan and Nawai acted in such a manner as to impose a duty upon them to render aid to Plaintiff in a reasonable manner. The Court, however, reached no such conclusion of law, likely because Plaintiff instigated the physical confrontation between himself and Defendant Nawai, and Defendant Nawai had only acted in self-

defense. Further, Plaintiff cannot maintain such claim because there was no expert medical testimony presented at trial to indicate that Plaintiff suffered greater harm as a result of the delay in receiving medical attention. See generally Craft v. Peebles, 78 Haw. 287, 893 P.2d 138 (Haw. 1995).

6. At page 16, ¶50 of Plaintiff's Findings, Plaintiff implies that the sole reason Defendants Curnan and Nawai did not take Plaintiff to Wilcox Hospital immediately following the fight at the Dairy Queen parking lot is because Defendants Curnan and Nawai were concerned that Plaintiff would be embarrassed. In addition to the fact that the Court made no such finding and that such a finding is immaterial to the conclusions reached by the Court, this finding is inaccurate insofar as both Defendant Curnan and Nawai testified that they did not take Plaintiff to Wilcox Hospital both because they did not want him to be embarrassed and because they did not believe Plaintiff was emergently injured.

Based on the foregoing objections, Defendant Curnan requests that this Honorable Court reject Plaintiff's Findings of Fact and Conclusions of Law in its entirety.

DATED: Honolulu, Hawai`i, MAR 22 2006.

[signature]

MICHAEL J. McGUIGAN
*Attorney for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 KSC<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document will be served upon the following parties electronically and by means indicated below on the date listed below:

DONNA E. RICHARDS, ESQ. MAILED
MARK R. ZENGER, ESQ.
Richards & Zenger
P. O. Box 3966
Lihue, Hawai`i 96766
*Attorneys for Plaintiff*

DAVID NAWAI MAILED
2931 Kalena Street, Apt. 2
Lihue, Hawai`i 96766
*Pro Se Defendant*

DATED: Honolulu, Hawai`i, MAR 22 2006.

MICHAEL J. McGUIGAN
*Attorney for Defendant*
*MARTIN W. CURNAN*