IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | Civil No. CV 03 00162 DAE KSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

## I. INTRODUCTION

This Motion for Attorneys' Fees and Costs arises from this Honorable Court's granting of summary judgment on all counts in favor of Defendant GEORGE FREITAS ("FREITAS") and against Plaintiff MARK N. BEGLEY ("Plaintiff") by Order filed on June 17, 2005, and Judgment entered on April 6, 2006 in the above-captioned matter. As will be demonstrated below, the weight of authority dictates that Defendant FREITAS be awarded the attorneys' fees and costs incurred during its defense against Plaintiff's claims.

## II. PROCEDURAL HISTORY

On March 3, 2004, Plaintiff, a police office with the Kauai Police Department ("KPD"), filed his First Amended Complaint alleging various Constitutional violations and tort claims against Defendant FREITAS, the former KPD police chief, as

a result of an alleged assault involving a fellow police officer, Defendant MARTIN W. CURNAN ("Curnan"), and Defendant Curnan's purported "co-conspirator," Defendant DAVID NAWAI ("Nawai").[1]

On September 30, 2004, Defendant FREITAS filed a Motion to Dismiss, or in the Alternative for Summary Judgment ("First MSJ") requesting dismissal of all claims against Defendant FREITAS on the grounds that Plaintiff failed to allege any facts to support any of the claims in his First Amended Complaint. In the alternative, Defendant FREITAS requested summary judgment on all claims asserted against him in his individual capacity on the basis of qualified immunity.

On January 28, 2005, Chief District Judge David A. Ezra entered an Order Denying in Part and Without Prejudice in Part Defendant George Freitas' Motion to Dismiss, or in the Alternative, for Summary Judgment; Order Denying in Part and Without Prejudice in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiffs' First Amended Complaint for Summary Judgment ("Order re: First MSJ").

In the Order re: First MSJ, Judge Ezra declined to dismiss the claims against Defendant FREITAS based upon the "liberal rules of pleading," although he recognized that "Plaintiff has made the bare minimum of allegations necessary to

---

[1] To avoid waste and unnecessary burden upon this Court, documents previously filed as part of the record are not attached hereto. Defendants would gladly provide any needed copies at the Court's request.

state a claim for his various causes of action." See Order re: First MSJ at 18.

Judge Ezra also declined to award summary judgment in favor of Defendant FREITAS, although he **only** did so to allow further discovery pursuant to FRCP 56(f). See Order re: First MSJ at 21. In so ruling, Judge Ezra noted that Plaintiff "brought forth almost no evidence to support his assertions and very little argument to rebut Defendants' claims." See Order re: First MSJ at 19. At the January 24, 2005 hearing on the First MSJ, Judge Ezra also stated, "If it wasn't for the legitimate Rule 56(f) motion I would be forced to grant summary judgment in this case without question because there just isn't enough here and I would be affirmed on appeal." See Defendant MARTIN W. CURNAN filed a Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed March 5, 2004 or for Summary Judgment at 1 citing transcript of hearing at 13-14.

On May 18, 2005, Defendant MARTIN W. CURNAN filed a Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed March 5, 2004 or for Summary Judgment ("Curnan's MSJ"). Defendant FREITAS joined Defendant Curnan's MSJ on June 15, 2005.

On July 26, 2005, this Court entered an Order Granting in Part and Denying in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed 03/05/04 or for Summary Judgment ("Order re: Curnan's MSJ").

In the Order re: Curnan's MSJ, this Court granted summary judgment in favor of Defendant Curnan on all claims except for the conspiracy claim, and claims of emotional distress. This court also entered summary judgment in favor of Defendant FREITAS "to the extent that Plaintiffs' § 1983 claims, assault and battery, false imprisonment and failure to render aid claims against ... Defendant George Freitas are based on Defendant Curnan's alleged conduct..." See Order re: Curnan's MSJ at 30.

On August 4, 2005, Defendant FREITAS filed a Motion for Summary Judgment ("Second MSJ") requesting summary judgment on all remaining claims against Defendant FREITAS that were not disposed of by the Order re: Curnan's MSJ. The basis for Defendant FREITAS' Second MSJ was that Plaintiff's remaining claims were wholly speculative and entirely unsupported. In the alternative, Defendant FREITAS requested summary judgment on all claims in his individual capacity pursuant to the doctrine of qualified immunity.

On October 4, 2005, this Court apparently agreed with Defendant FREITAS, and entered an Order Granting Defendant George Freitas and Defendant County of Kauai's Motions for Summary Judgment ("Order Granting Second MSJ"), finding that Plaintiff failed to present any sufficient evidence to overcome a motion for summary judgment on the remaining claims of conspiracy and emotional distress.

Judgment on a Decision by Court was entered on April 6, 2006, and an Amended Judgment in a Civil Case was entered on April 11, 2006 as to, among other things, this Court's Order re: Curnan's MSJ, and Order Granting Second MSJ.

As the prevailing party in the instant lawsuit, Defendant FREITAS respectfully requests the taxation of its costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"), and an award of attorneys' fees and nontaxable costs pursuant to FRCP 54(d)(2).

## III. ARGUMENT

### A. Defendant FREITAS Is Entitled To An Award Of Costs

Under FRCP Rule 54(d)(1), "there is a **presumption** that the prevailing party will be awarded its taxable costs." See Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003)) (emphasis added). Rule 54(d)(1) provides:

> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' **fees shall be allowed as of course to the prevailing party** unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

See Fed. R. Civ. P. 54(d)(1) (emphasis added). Defendant FREITAS, having prevailed on all of Plaintiff's claims, is

clearly the prevailing party here. See e.g., Dawson (Defendants are considered the "prevailing parties" after Plaintiffs' suits were dismissed by summary judgment).

Costs taxed pursuant to Rule 54(d)(1) include those defined in 28 U.S.C. § 1920.[2] Defendant FREITAS is concurrently filing a Bill of Costs reflecting the recoverable costs incurred throughout this litigation. See copy of Bill of Costs attached hereto as Exhibit "A". There being no reason to deny Defendant FREITAS the recovery of the costs identified in its Bill of Costs, Defendant FREITAS respectfully submits that an award of costs is appropriate here "as a matter of course." See Dawson, 435 F.3d at 1070.

---

[2] 28 U.S.C. § 1920 provides:

**Taxation of costs.** A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## B. Defendant FREITAS Should Be Awarded His Attorneys' Fees

### 1. This Court May Award Attorneys' Fees Pursuant to FRCP Rule 54(d)(2)

The prevailing party in a lawsuit may move for an award of attorneys' fees pursuant to FRCP 54(d)(2) which provides, in relevant part:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion.... Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after the entry of judgment; must specify the judgment, and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

See Fed. R. Civ. P. 54(d)(2).

Defendant FREITAS, as the prevailing party here, has satisfied the elements articulated FRCP 54(d)(2). That is, Defendant FREITAS obtained a judgment in his favor on all of Plaintiff's claims through the Order re: Curnan's MSJ filed on July 26, 2005, and the Order Granting Second MSJ filed on October 4, 2005, and now timely brings this motion for fees within the 14 days articulated in the rules. Moreover, as will be further detailed forth below, the statutory grounds upon which claims against Defendant FREITAS were premised allow attorneys' fees to be awarded under the circumstances present here.

**2. 42 U.S.C. Section 1988 Authorizes the Recovery of Attorneys' Fees to the Prevailing Party**

The basis for Plaintiff's claims against Defendant FREITAS arise out of the alleged infringement of Plaintiff's purported Constitutional rights in violation of 42 U.S.C. §§ 1981, 1983 and 1986.

42 U.S.C. § 1988 states, in pertinent part, "In any action or proceeding to enforce a provision of sections ... [42 U.S.C.S. §1983, 1985, 1986] ..., the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs..." See 42 U.S.C. § 1988; see e.g., Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998).

The Ninth Circuit has held that "Pursuant to 42 U.S.C. § 1988, a district court may award attorneys' fees to a prevailing defendant in a civil rights case if the plaintiff's claims are 'unreasonable, frivolous, meritless, or vexatous.'" See Margolis, 140 F.3d at 854 (citations omitted).

Plaintiff's claims against Defendant FREITAS were, indeed, frivolous, objectively unreasonable, and meritless when made. At no time did Plaintiff ever allege that Defendant FREITAS had any involvement in the alleged assault against Plaintiff. Accordingly, Defendant FREITAS **could not** be held liable for any alleged "Constitutional violations" or tort claims arising out of the claimed assault.

Moreover, Plaintiff's claims against Defendant FREITAS were based upon the alleged actions/inactions of Defendant Curnan (while he was off-duty), and purported conspiracy and emotional distress. Plaintiff, however, had only conclusory and speculative allegations for support. Indeed, summary judgment was initially denied to Defendant FREITAS only because Plaintiff requested additional discovery pursuant to FRCP 56(f). Even after being allowed to conduct discovery, Plaintiff was unable to support any of his wild allegations against Defendant FREITAS.

Stated simply, Plaintiff had no basis in fact or in law to support any of his allegations against Defendant FREITAS, as evidenced by the Order re: Curnan's MSJ, and the Order Granting Second MSJ. Plaintiff's claims, accordingly, were without question, objectively unreasonable, meritless, and frivolous.

It is unclear what Plaintiff's motivation was in asserting claims against Defendant FREITAS when, even after several months of discovery, Plaintiff was unable to support any of his allegations. In fact, Plaintiff's claims against Defendant FREITAS were unsupported from the very inception and as such, Plaintiff's motivation for alleging claims against Defendant FREITAS clearly did not arise out of any basis in fact.

Defendant FREITAS should be compensated with the fees that he necessarily incurred in defending against Plaintiff's baseless claims. Perhaps then, Plaintiff will be deterred from raising further groundless and harassing claims.

**3. Amount of Fees Being Sought**

The final element of FRCP 54(d)(2)(B) requires the moving party to state the amount or provide a fair estimate of the amount of fees being sought. To date, Defendant FREITAS has incurred attorneys' fees in the amount of **$37,345.50**, as set forth in the Affidavit of John T. Komeiji and Exhibit "B" attached hereto. Further documentation or clarification may be provided at the Court's request.

As reflected above, Defendant FREITAS is the prevailing party in this litigation and should be awarded the taxable costs he incurred "as of course". Moreover, Defendant FREITAS has satisfied the elements of FRCP 54(d)(2) to justify an award of attorneys' fees since he has established that: (1) judgment has been entered in his favor; (2) 42 U.S.C. § 1988 authorizes an award of fees at the court's discretion; and (3) the amount of fees being sought has been disclosed. Given the foregoing, Defendant FREITAS' motion for fees and costs should be granted and Defendant FREITAS should be awarded the fees and costs detailed in the exhibits attached hereto.

**IV. CONCLUSION**

For all of the foregoing reasons, Defendant FREITAS respectfully requests that this Honorable Court grant the instant motion for attorneys' fees and all costs.

DATED: Honolulu, Hawaii, April 20, 2006.

JOHN T. KOMEIJI
KAREN Y. ARIKAWA

Attorneys for Defendant
**GEORGE FREITAS**