ORIGINAL

cc: KSC

371942.1
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI # 2498-0
KAREN Y. ARIKAWA # 7684-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No.: 544-8300
Facsimile No.: 544-8399
E-Mail Address: karikawa@wik.com

Attorneys for Defendant
GEORGE FREITAS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 20 2006

at 2 o'clock and 55 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | Civil No. CV 03 00162 DAE KSC<br><br>**DEFENDANT GEORGE FREITAS' MEMORANDUM IN SUPPORT OF BILL OF COSTS; AFFIDAVIT OF JOHN T. KOMEIJI; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE** |

**DEFENDANT GEORGE FREITAS'**
**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant GEORGE FREITAS ("FREITAS"), by and through his attorneys, WATANABE ING & KOMEIJI LLP, and hereby submits his memorandum in support of the Bill of Costs, the Bill of Costs which is attached hereto as Exhibit "A", and the supporting documentation as attached hereto as Exhibit "B". This Memorandum

is submitted pursuant to Local Rule 54.2 of the Rules of the United States District Court for the District of Hawaii, and is supported by the Memorandum in Support of Bill of Costs, Affidavit of John T. Komeiji, Exhibits "A" and "B" attached hereto, and the entire record and files herein.

## I. GROUNDS SUPPORTING REQUEST FOR BILL OF COSTS

1. On May 18, 2005, Defendant MARTIN W. CURNAN filed a Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed March 5, 2004 or for Summary Judgment ("Curnan's MSJ").

2. On June 15, 2005, Defendant FREITAS joined Defendant Curnan's MSJ and requested summary judgment.

3. On July 26, 2005, this Court entered an Order Granting in Part and Denying in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint Filed 03/05/04 or for Summary Judgment ("Order re: Curnan's MSJ").

4. In the Order re: Curnan's MSJ, this Court entered summary judgment in favor of Defendant FREITAS "to the extent that Plaintiff's § 1983 claims, assault and battery, false imprisonment and failure to render aid claims against ... Defendant George Freitas are based on Defendant Curnan's alleged conduct..." See Order re: Curnan's MSJ at 30.

5. On August 4, 2005, Defendant FREITAS filed a Motion for Summary Judgment ("Second MSJ") requesting summary judgment on all remaining claims against Defendant FREITAS that were not disposed of by the Order re: Curnan's MSJ.

6. On October 4, 2005, this Court entered an Order Granting Defendant George Freitas and Defendant County of Kauai's Motions for Summary Judgment ("Order Granting Second MSJ"), finding that Plaintiff failed to present any sufficient evidence to overcome a motion for summary judgment on the remaining claims of conspiracy and emotional distress.

7. Judgment on a Decision by Court was entered on April 6, 2006.

8. An Amended Judgment in a Civil Case was entered on April 11, 2006 as to, among other things, this Court's Order re: Curnan's MSJ, and Order Granting Second MSJ.

## II. AUTHORITIES SUPPORTING REQUEST FOR BILL OF COSTS

Under FRCP Rule 54(d)(1), "there is a **presumption** that the prevailing party will be awarded its taxable costs." See Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003)) (emphasis added). Rule 54(d)(1) provides:

> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' **fees shall be allowed as of course to the prevailing party** unless the court otherwise directs; but costs against the

> United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

See Fed. R. Civ. P. 54(d)(1) (emphasis added). Defendant FREITAS, having prevailed on all of Plaintiff's claims, is clearly the prevailing party here. See e.g., Dawson (Defendants are considered the "prevailing parties" after Plaintiffs' suits were dismissed by summary judgment).

Costs taxed pursuant to Rule 54(d)(1) include those defined in 28 U.S.C. § 1920.[1] Defendant FREITAS is concurrently filing a Bill of Costs reflecting the recoverable costs incurred throughout this litigation. See copy of Bill of Costs attached hereto as Exhibit "A". There being no reason to deny Defendant FREITAS the recovery of the costs identified in its Bill of Costs, Defendant FREITAS respectfully submits that an award of

---

[1] 28 U.S.C. § 1920 provides:

**Taxation of costs.** A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

costs is appropriate here "as a matter of course." See Dawson, 435 F.3d at 1070.

DATED: Honolulu, Hawaii, April 20, 2006.

JOHN T. KOMEIJI
KAREN Y. ARIKAWA

Attorneys for Defendant
**GEORGE FREITAS**