REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

MICHAEL J. McGUIGAN 2433-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawai`i 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorney for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>DEFENDANT MARTIN W. CURNAN'S MEMORANDUM IN SUPPORT OF BILL OF COSTS; AFFIDAVIT OF MICHAEL J. MCGUIGAN; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: March 7, 2006 |

DEFENDANT MARTIN W. CURNAN'S
MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendant Martin W. Curnan, by and through his attorneys, Reinwald, O'Connor and Playdon LLP, hereby submits his Memorandum in Support of the

Bill of Costs, the Bill of Costs which is attached hereto as Exhibit “A”, and the supporting documentation as attached hereto as Exhibit “B”. This Memorandum is submitted pursuant to Local Rule 54.2 of the Rules of the United States District Court for the District of Hawaii, and is supported by the Memorandum in Support of Bill of Costs, Affidavit of Michael J. McGuigan, Exhibits “A”-“B” attached hereto, and the entire record and files herein.

This case arises out of an alleged assault occurring on May 17, 2002, in Lihue, Kauai. On April 8, 2003, Plaintiff Mark N. Begley ("Plaintiff") filed a Complaint against Defendants County of Kauai ("Defendant County"), George Freitas ("Defendant Freitas"), Martin W. Curnan ("Defendant Curnan"), and David Nawai ("Defendant Nawai") alleging civil rights violations, assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, conspiracy, and failure to render aid.

On July 26, 2005, the Court issued an order granting in part and denying in part Defendant Curnan's motion for summary judgment. Following that order, the claims remaining against Defendant Curnan were conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On October 4, 2005, the Court issued an order granting Defendant Freitas and Defendant County's motion for summary judgment, thereby dismissing these Defendants from the lawsuit.

This matter came on for bench trial on March 7 and 8, 2006. On March 9, 2006, the Court granted Defendant Curnan's motion for involuntary dismissal in part pursuant to Federal Rule of Civil Procedure 41(b), and dismissed the claims of conspiracy and intentional infliction of emotional distress against Defendant Curnan. The Court also granted Defendant Nawai's motion for involuntary dismissal in part, and dismissed the claims of conspiracy, intentional infliction of emotional distress, violations of 42 U.S.C. §1983, and false imprisonment against Defendant Nawai.

On April 6, 2006, the Court entered Judgment in favor of Defendants Curnan and Nawai and against Plaintiff as to all remaining claims pursuant to "Findings of Fact and Conclusions of Law" filed on March 30, 2006.

On April 11, 2006, the Court entered an Amended Judgment in favor of Defendants and against Plaintiff.

I. AUTHORITIES SUPPORTING REQUEST FOR BILL OF COSTS

Under FRCP Rule 54(d)(1), "there is a **presumption** that the prevailing party will be awarded its taxable costs." See Dawson v. City of Seattle, 435 F. 3d 1054, 1070 (9th Cir. 2006) (citing Save Our Valley v. Sound Transit, 335 F.3d. 932, 944 (9th Cir. 2003)) (emphasis added.) Rule 54 (d)(1) provides:

> **(1) Costs Other than Attorneys Fees.** Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than

> attorneys' **fees shall be allowed as of course to the prevailing party** unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

See Fed. R. Civ. P. 54)d)(1) (emphasis added). Defendant Curnan, having prevailed on all of Plaintiff's claims, is clearly the prevailing party here. See e.g., Dawson (Defendants are considered the "prevailing parties" after Plaintiffs' suits were dismissed by summary judgment).

Costs taxed pursuant to Rule 54(d)(1) include those defined in 28 U.S.C. § 1920 which provides:

> **Taxation of Costs**. A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant Curnan is concurrently filing a Bill of Costs reflecting the recoverable costs incurred throughout this litigation. See copy of Bill of Costs attached hereto as Exhibit "A". There being no reason to deny Defendant Curnan the recovery of the costs identified in its Bill of Costs, Defendant Curnan respectfully submits that an award of costs in appropriate here "as a matter of course." See Dawson, 435 F.3d. at 1070.

DATED: Honolulu, Hawai`i, April 25, 2006.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG
*Attorney for Defendant*
*MARTIN W. CURNAN*