McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN 3639-0
ELIZABETH A. ROBINSON 7805-0
WENDY F. HANAKAHI 7963-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300
Facsimile No.: (808) 524-8293
Email: minkin@m4law.com

Attorneys for Defendant
COUNTY OF KAUA`I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. 03-00162 DAE KSC<br><br>DEFENDANT COUNTY OF KAUAI'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS; DECLARATION OF DAVID J. MINKIN; EXHIBITS "A" – "B"; CERTIFICATE OF SERVICE |

DEFENDANT COUNTY OF KAUAI'S
MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

## I. INTRODUCTION

Defendant County of Kauai ('Defendant County"), by and through its attorneys, McCorriston Miller Mukai MacKinnon LLP, as prevailing party in the above-entitled matter, respectfully request that it be allowed its costs, pursuant to 28 U.S.C. § 1920, 42 U.S.C. 1988, Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii.

## II. ARGUMENT

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, *costs other than attorneys' fees shall be allowed as of course to the prevailing party* unless the court otherwise directs . . . ." Emphasis added. Local Rule 54.2 likewise provides that "[c]osts shall be taxed as provided in Rule 54(d)(1) of the Federal Rules of Civil Procedure. The party entitled to costs shall be the prevailing party in whose favor judgment is entered . . . ." *See also d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977) (A party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)).

On April 11, 2006, this Court entered Amended Judgment in a Civil Case in favor of all defendants herein and against Plaintiff Mark N. Begley ("Plaintiff") pursuant to the various Orders the Court had previously issued in the case, including the Order granting Defendant County of Kauai's Motion for Summary Judgment filed on October 4, 2005. By the plain language of Local Rule 54.2, Defendant County is thus entitled to an award of costs incurred in this matter as the prevailing party.

Each item of the bill of costs is recoverable in this case.

| TYPE OF EXPENSE | COST |
|---|---|
| Stenographic Reporter & Deposition Transcripts | $287.72 |
| Photocopying - In House | 1,104.90 |
| Photocopying – Other Records | 70.19 |
| Travel Expenses &Outer Island Airfare | 438.04 |
| Postage | 10.90 |
| Long Distance Telephone Expense | 25.92 |
| Facsimile Expenses | 30.56 |
| **TOTAL** | **$ 1,968.23** |

Stenographic Reporter

Pursuant to Local Rule 54.2(f)(2), "[t]he cost of as stenographic and/or video original and once copy of any deposition transcript necessarily obtained for use in this case is allowable." The deposition expenses were necessarily incurred in the litigation of this case. See Declaration of David J.

Minkin ("Minkin Dec.") at ¶ 8. Therefore, costs of $287.72 for a court reporter and deposition transcript are allowed.

Photocopying Costs

Photocopying costs, as detailed in Exhibit "A", are recoverable pursuant to 28 U.S.C. § 1920, which provides: "A judge or clerk of any court of the United States may tax as costs the following: . . . (4) Fees for exemplification and copies of papers necessarily obtained for use in the case[.]" Further, Local Rule 54.2(f)4 provides: "The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the cost per page, and the use of or intended purpose for the items copied." The attached declaration of counsel and Exhibit "A" provide the information required by Local Rule 54.2.

Other Costs

Other costs include costs for travel expenses, postage, long distance telephone expenses, and facsimile expenses. All of these costs are recoverable as actual litigation expenses under 42 U.S.C. § 1988. See Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1036 (D. Or. 1996) (awarding costs for long distance, messenger service, postage and travel). See also Harris v. Marhoefer 24 F.3d 16, 19 (9th Cir. 1994) ("Under § 1988, Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a

fee paying client." (citation and internal marks omitted)). "Out-of-pocket litigation expenses are reimbursable as part of the attorneys' fee, distinct from the costs already awarded to plaintiffs under 28 U.S.C. § 1920." United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

All the requested expenses were necessarily incurred in litigating this matter. Minkin Dec. at ¶ 8. Thus, the out-of-pocket costs incurred in litigating this matter should be awarded to Defendant County.

For the foregoing reasons, Defendant County respectfully requests that it be allowed its costs incurred in this matter.

DATED: Honolulu, Hawaii, APR 26 2006.

DAVID J. MINKIN
ELIZABETH A. ROBINSON
WENDY F. HANAKAHI

Attorneys for Defendant
COUNTY OF KAUAI