McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN 3639-0
ELIZABETH A. ROBINSON 7805-0
WENDY F. HANAKAHI 7963-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i 96813
Telephone No.: (808) 529-7300
Facsimile No.: (808) 524-8293
Email: minkin@m4law.com

Attorneys for Defendant
COUNTY OF KAUA`I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. 03-00162 DAE KSC<br><br>DEFENDANT COUNTY OF KAUA`I'S RESPONSE TO PLAINTIFF MARK N. BEGLEY'S OBJECTION (FILED ON MAY 31, 2006) TO DEFENDANT COUNTY OF KAUA`I'S BILL OF COSTS, FILED ON APRIL 26, 2006; DECLARATION OF DAVID J. MINKIN; EXHIBITS "A" – "F"; CERTIFICATE OF SERVICE<br><br>NON HEARING MOTION |

# DEFENDANT COUNTY OF KAUA`I'S RESPONSE TO PLAINTIFF MARK N. BEGLEY'S OBJECTION (FILED ON MAY 31, 2006) TO DEFENDANT COUNTY OF KAUA`I'S BILL OF COSTS, FILED ON APRIL 26, 2006

## I. INTRODUCTION

Defendant County of Kaua`i ("County") hereby submits its response to Mark N. Begley's Objection to Defendant County of Kauai's Bill of Costs ("Objection"), submitted as a *pro se* plaintiff.[1]

## II. ARGUMENT

### A. County Has Not Made "Significant Misrepresentations" To the Court and Plaintiff

The Objection contains serious allegations about the County's attorney, David J. Minkin, Esq., making misrepresentations to the Court. The County herein provides a complete representation of the facts.

Plaintiff states that "Judge Ezra warned the County of Kauai to promptly produce documents." (Objection at 7.) This is a mischaracterization of the context in which the Court noted the need for prompt discovery. At the hearing for Defendant George Freitas' and Defendant Martin Curnan's motions to dismiss or for summary judgment on

---

[1] It appears that Plaintiff is receiving assistance from an attorney in preparing his documents for submission to the Court. The Court should not countenance this conduct. If Plaintiff is receiving legal services, he is not "representing himself Pro Se before this court, and in his appeal to the Ninth Circuit Court of Appeals" (Objection at 6) and the Court should require that his attorney make an appearance in this case to reflect Plaintiff's status as a party represented by counsel.

January 24, 2004, the Court granted Plaintiff a continuance under Rule 56(f) of the Federal Rules of Civil Procedure. (Order entered 1/28/05, attached as Ex. "A" to Decl. David J. Minkin ("Decl. Minkin").) It was in the context of a Rule 56(f) continuance that the Court discussed the need for the County to promptly provide discovery to Plaintiff because he would otherwise receive another Rule 56(f) continuance. In response, the County's attorney stated, "I anticipate being able to produce the county police reports early next week, Your Honor." (Tr. of 1/24/05 hrg at 15:23-24, attached as Ex. "A" to Objection.)

Given the confidential nature of the police report documents requested by Plaintiff, however, the County required the preparation of a protective order, reviewed and agreed to by the parties or their attorneys, before providing the responsive documents to Plaintiff. (Decl. Minkin ¶ 4.) On March 17, 2005, the County's attorney sent a Stipulation and Order Governing Confidentiality of Documents ("Stipulation") to the attorneys for Plaintiff and Defendants George Freitas and Martin Curnan, and to David Nawai.[2] It was not until June 15, 2005 – the date that Defendant Martin Curnan filed his Motion to Quash the Subpoena in a Civil Case to the State

[2] Facsimile transmittal from D. Minkin to counsel, dated 3/17/05, attached as Ex. "B" to Decl. Minkin; transmittal from D. Minkin to D. Nawai, dated 3/17/05, attached as Ex. "C" to Decl. Minkin.

of Hawaii, Department of the Attorney General or for Protective Order – that Plaintiff finally returned the Stipulation to the County without any changes.[3] On June 21, 2005, less than one week after receiving Plaintiff's executed Stipulation, the County provided the documents totaling 440 pages "pursuant to your execution of the Stipulation and Order Governing Confidentiality of Documents."[4] Accordingly, the timing of the County's production of documents was necessitated by the preparation of the Stipulation and additionally caused by Plaintiff's own three-month delay in providing the County with an executed copy of the Stipulation.

Moreover, if Plaintiff believed that the County was in violation of its discovery responsibilities under the Federal Rules of Civil Procedure because the County did not produce the documents by a certain date or because Plaintiff sought additional documents not produced, he could have filed a motion to compel the requested discovery. Instead, Plaintiff failed to file a motion to compel and also delayed in executing the Stipulation that

---

[3] Def. Curnan's Mot. to Quash the Subpoena in a Civil Case to the State of Hawaii, Dept. of the Attorney General or for Protective Order, filed 6/15/05, attached as Ex. "D" to Decl. Minkin; transmittal from C. Bouslog to D. Minkin, dated 6/16/06, attached as Ex. "E" to Decl. Minkin.

[4] Transmittal from D. Minkin to counsel, dated 6/21/05, attached as Ex. "F" to Decl. Minkin.

would have allowed him to receive the requested documents by the County.

Thus, in stating that "MR. MINKIN HAD A COPY OF THE REPORT ON BEGLEY'S ASSAULT FROM JANUARY 18, 2005, PRIOR TO HIS HEARING BEFORE THE HONORABLE DAVID ALAN EZRA" and that Mr. Minkin "LIED TO THE COURT, and then WITHHELD PRODUCTION of KPD DOCUMENTS from Begley for another 5 months" (Objection at 8), Plaintiff has, intentionally or otherwise, provided the Court with a specious characterization of the County's conduct based on an incomplete presentation of the facts.

B. Plaintiff Inappropriately Seeks To Relitigate the Issues Decided In This Case

Plaintiff inappropriately seeks to relitigate the factual and legal issues of this case. (Objection at 9-15.) These issues have already been determined by this Court upon the defendants' motions and at trial, and judgment has been entered. Plaintiff filed a Notice of Appeal on April 7, 2006, and thus these issues are more appropriately argued to the Ninth

Circuit Court of Appeals in his opening brief, and not to this Court in an objection to a prevailing defendant's bill of costs.[5]

C. The County Seeks $1,968.23 In Costs

The County only seeks $1,968.23 in costs, not the amount of $50,000 that Plaintiff repeatedly notes in his Objection. Plaintiff highlights his limited financial resources as a basis for denying the County's request for costs, stating that he is unable to pay "a combined total of about $50,000 in attorney's fees and costs (based on the requests of Defendant's [sic] Curnan, Freitas and County of Kauai)." (Objection at 6.) Notably, the County's Bill of Costs is $1,968.23, less than 4% of $50,000. Plaintiff has not argued an inability to pay the amount sought only by the County.

Plaintiff also states that the $50,000 total would have a chilling effect on civil rights litigation. (Objection at 15-16.) As stated above, the County is only requesting $1,968.23, and Plaintiff has not argued that taxation of this amount will have a chilling effect on civil rights litigation.

D. The County's Costs Are Recoverable

Plaintiff challenges the County's costs on two primary grounds, both of which have no merit. First, Plaintiff incorrectly asserts that $438.04

[5] The County notes that Plaintiff's entire Exhibit "C" appears to relate to the underlying merits that have already been decided, and are thus not appropriate for discussion here.

in travel expenses is not recoverable. Under Robins v. Scholastic Book Fairs, 928 F. Supp. 1027 (D. Or. 1996), travel was a permitted miscellaneous expense that was permitted under 42 U.S.C. § 1988, even though it was not considered "costs" under 28 U.S.C. § 1920. Id. at 1036. The case cited by Plaintiff, Agredano v. Mutual of Omaha Companies, 75 F.3d 541 (9th Cir. 1995), is distinguishable because it does not concern costs recoverable under 42 U.S.C. § 1988, but only those allowable under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

Second, as required by Local Rule 54.2(f)(4), the County has submitted "an affidavit describing the documents copied, the cost per page, and the use of or intended purpose for the items copied." LR 54.2(f)(4). The Declaration of David J. Minkin attached to the County's Memorandum in Support of Bill of Costs ("Decl. Minkin attached to Memo.") states that the costs were only for "copying documents to be submitted to the Court in this matter and concurrently served upon counsel for other parties and for copying documents obtained in discovery."[6] (Decl. Minkin attached to Memo ¶ 6.) Mr. Minkin further states in his declaration that the report attached as Exhibit "A" to the County's Memorandum in Support of Bill of

[6] The references to "Johnny," "Virgil," or initials, contained in the entries listed in Exhibit "A" to the Memorandum in Support of Bill of Costs reflect the identity of the McCorriston Miller Mukai MacKinnon LLP employee copying the documents. Decl. Minkin ¶ 5.

Costs "reflect[s] the itemized costs in this case" and that "[t]he in-house copying costs of $1,104.90 reflect only the cost of copying documents to be submitted to the Court in this matter." (Id. ¶¶ 4, 6 (emphasis added).) Accordingly, the costs are sufficiently described and only relate to the instant case.

## III. CONCLUSION

For the reasons set forth herein, County respectfully requests that this Honorable Court allow its costs incurred in this matter.

DATED: Honolulu, Hawai`i, June 6, 2006.

/s/ David J. Minkin
DAVID J. MINKIN
ELIZABETH A. ROBINSON
WENDY F. HANAKAHI

Attorneys for Defendant
COUNTY OF KAUA`I