IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and, DAVID NAWAI,<br><br>Defendants. | CV. NO. 03-00162 DAE-KSC |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 28 2005

at 11 o'clock and 6 min. A M
WALTER A.Y.H. CHINN, CLERK

ORDER DENYING IN PART AND WITHOUT PREJUDICE IN PART DEFENDANT GEORGE FREITAS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; ORDER DENYING IN PART AND WITHOUT PREJUDICE IN PART DEFENDANT MARTIN W. CURNAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT

The Court heard Defendants George Freitas and Martin W. Curnan's Motions on January 24, 2004. Christopher S. Bouslog, Esq., and Mark R. Zenger, Esq., appeared at the hearing on behalf of Plaintiff; David J. Minkin, Esq., appeared at the hearing on behalf of Defendant County of Kauai; Brian Y. Hiyane, Esq., appeared at the hearing on behalf of Defendant George Freitas; Michael J. McGuigan, Esq., appeared at the hearing on behalf of Defendant Martin W. Curnan. Defendant David Nawai was not represented at the hearing. After

EXHIBIT "A"

reviewing the motions and the supporting and opposing memoranda, the Court DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant George Freitas' Motion to Dismiss, or in the Alternative, for Summary Judgment, and DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant Martin W. Curnan's Motion to Dismiss Plaintiff's First Amended Complaint or for Summary Judgment.

## BACKGROUND

Plaintiff Mark N. Begley is an officer of the Kauai Police Department. Plaintiff is suing fellow officer Martin W. Curnan, Kauai Police Chief George Freitas, the County of Kauai, and private citizen David Nawai seeking compensatory and punitive damages for injuries he sustained during an alleged assault and battery.[1] Plaintiff alleges that on the afternoon of May 17, 2002, Defendant Curnan drove Plaintiff in the Kauai Police Department Vice Unit Truck to a cane field, where the two joined Defendant Nawai and others in drinking beer and socializing. (Compl. at 9-11.) While at the cane field, Plaintiff states that he and Defendant Curnan discussed criminal activities involving Curnan's friends and family, as well as actions taken by Curnan to protect his

[1]In Plaintiff's first complaint, the Kauai Police Department was included among the list of Defendants. However, Plaintiff's first amended complaint has omitted the Kauai Police Department from the list of parties.

friends and family from arrest. (Compl. at 13.) During the course of their conversation, Plaintiff contends that Curnan and Nawai goaded him into drinking more alcohol, in an attempt to render him intoxicated. (Compl. at 14.)

According to Plaintiff, Defendants Curnan and Nawai then invited him to attend a private party with them at another location. (Compl. at 16.) However, when the three arrived at the party, they were turned away by a security guard who called the Kauai Police Department to report them as trespassers. (Compl. at 17.) So, the three decided instead to meet in the parking lot adjacent to the Kauai County Prosecutor's Office, with Plaintiff arriving separately in his truck.

At this point, Plaintiff's and Defendants' versions of events diverge. Plaintiff contends that Kauai Police Department Vice Officer Buddy Wilson told Defendants Curnan and Nawai that he would accompany Plaintiff, but that Defendants told Wilson that they would "take care of" Plaintiff. However, Plaintiff maintains that, upon his arrival at the parking lot at about 11:00 p.m., "Defendants Curnan, Nawai, and/or another person" hit him on the back of the head with a blunt instrument with sufficient force to cause him to lose consciousness and lose control of his bowels. (Compl. at 20.) While Plaintiff remained unconscious, Defendants Curnan and Nawai failed to seek medical care

for Plaintiff, and waited two hours before driving him home. (Compl. at 21-22.) Plaintiff states that, over the course of that evening and the next day, Defendant Curnan repeatedly told Plaintiff's wife false and inconsistent explanations for Plaintiff's injuries, including that Plaintiff fell and injured himself, and attempted to dissuade Plaintiff's wife from seeking medical treatment for Plaintiff. (Compl. at 23-26.) When, on May 21, Plaintiff's wife finally took him to the emergency room, he was rushed via air ambulance helicopter to Oahu for treatment. (Compl. at 26-27.) Plaintiff was not released from the hospital until June 18. (Compl. at 31.) Plaintiff asserts that his doctors informed him his wound was "a high impact injury," "similar to a high speed car crash or falling from two stories high." (Pl. Resp. to Curnan Interrogs. at 10.)

Defendant Curnan, however, presents a different version of events. He claims that Plaintiff was intoxicated on the night in question, and that when he found him already incapacitated, it appeared that Plaintiff had passed out due to excessive alcohol consumption. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 3.) He also asserts that, immediately after finding him, he and Defendant Nawai transported Plaintiff to his house and helped his wife carry him into the bathroom. Id. Defendant Curnan does not concede that an assault occurred at all.

Plaintiff, however, maintains that the alleged assault occurred in retaliation because Plaintiff complained to Defendant Freitas and the FBI about Defendant Curnan's involvement in organized crime; Plaintiff believes the attacker also sought to prevent him from further meddling in Curnan's illegal activities. Plaintiff asserts that he had on several occasions reported misconduct on the part of Defendant Curnan to his superior, Defendant Freitas. (Compl. at 30-43.) This misconduct includes: Curnan's participation in purported "controlled buys" of illegal drugs, in which the illegal drugs were delivered into Curnan's possession and no prosecutions ever resulted; Curnan's failure to properly investigate murders that occurred during these transactions; the rape of a woman by one of Curnan's relatives in retaliation because that woman spoke to Plaintiff about Curnan's failure to investigate murders she witnessed while working for the Kauai Police Department as a Confidential Informant. (Compl. at 38-42.) Plaintiff also asserts that Defendant Curnan has admitted that an assault against Plaintiff occurred, but claimed instead that Defendant Nawai punched Plaintiff in self defense and knocked him unconscious. (Compl. at 28.)

Plaintiff filed his complaint on April 8, 2003; a first amended complaint was filed on March 5 (hereinafter "Complaint"). Counts One and Two of the Complaint allege that Defendants Curnan, Nawai, Freitas, and the County of

Kauai intentionally, or with deliberate indifference to Plaintiff's rights, deprived Plaintiff of his right to equal protection in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C § 1983. (Compl. at 51.) Count One also alleges that their actions constitute the civil torts of assault, battery, false imprisonment, and failure to render aid. (Compl. at 51.) Count Three alleges that Defendants Freitas, Curnan, and Nawai engaged in a conspiracy to deprive Plaintiff of his rights. Counts Four and Five allege, respectively, that Defendants Curnan, Nawai, Freitas, and the County of Kauai committed intentional and negligent infliction of severe emotional distress. Plaintiff seeks compensatory damages, punitive damages, and attorneys fees.

On September 30, 2004, Defendant Freitas filed a Motion to Dismiss, or in the Alternative, for Summary Judgment ("Defendant Freitas' Motion to Dismiss"); Defendant Freitas filed the accompanying concise statement of facts in support of the motion on that same date. Defendant Curnan filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on October 25; he, too, filed the accompanying concise statement of facts on that same date.

On November 4, a second amended scheduling order was entered that extended the discovery deadline to May 13, 2005, and the dispositive motions deadline to February 9, 2005.

On January 6, 2005, Plaintiff filed two memoranda in opposition – one in opposition to Defendant Curnan's motion to dismiss, and one in opposition to Defendant Freitas' motion to dismiss. Plaintiff has filed no concise statement of facts in support of either memorandum in opposition. That same date, Defendants County of Kauai and Kauai Police Department filed a joinder in Defendant Freitas' motion to dismiss.

## STANDARD OF REVIEW

### A. Standard of Review for Motion to Dismiss

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Dismissal for failure to state a claim is a ruling on a question of law. Parks Sch. of Bus., Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Review is limited to the contents of the complaint, Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994), including any attached exhibits, Symington, 51 F.3d at 1484. To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b); Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1507 (9th Cir. 1990).

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. Id. From the facts alleged, the court must draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg, 18 F.3d at 754-55.

B. Standard of Review for Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact

> and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. Id. at 323.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed. R. Civ. P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. Id. The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." Id. at 255. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. Id. at 254. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. See Celotex, 477 U.S. at 322.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. Id. (citation omitted).

## DISCUSSION

Defendant Curnan, in his motion to dismiss, submits to the Court eight arguments seeking to undermine Plaintiff's claims. First, Defendant Curnan argues that Plaintiff has presented no evidence that he was assaulted and battered by Defendants, or indeed that he was attacked by anyone. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 6.) Furthermore, Defendant submits that Plaintiff cannot state a claim for false imprisonment, because he cannot show that he was restrained against his will or unlawfully. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 8 (citing Reed v. City & County of Honolulu, 76 Haw. 219, 230 (Haw. 1994)).) Third, Defendant Curnan argues that, in his individual capacity, he owed Plaintiff no duty to prevent any assault or render medical aid, because none of the recognized "special relationships" that give rise to such a duty are applicable. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 9 (citing Touchette v. Ganal, 82 Haw. 293, 298-299 (Haw. 1996)).)

Furthermore, Defendant Curnan argues that Plaintiff's conspiracy claim fails as a matter of law, because he has alleged no facts that would establish that Curnan, Frietas, and Nawai actively or intentionally participated in a concerted action against him. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 12 (citing Robert's Haw. Sch. Bus, Inc., v. Laupahoehoe Transp. Co., 91 Haw.

224, 252 (Haw. 1999).) Defendant Curnan also asserts that Plaintiff's Section 1983 claim and his state law police protection claim must fail as a matter of law, because Plaintiff has not alleged facts sufficient to establish state action or that Defendant was acting under color of law. (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 15-22.) Defendant also attacks the legal basis for Plaintiff's constitutional claims, and argues, finally, that even if state action is found, Defendant Curnan should be entitled to qualified immunity as a "government official performing a discretionary function." (Def. Curnan Memo. In Supp. Of Mot. to Dismiss at 22- 32 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).)

Defendant Freitas' arguments against Plaintiff's claims are slightly different, but, as with those of his co-defendant, they center around the lack of evidence brought forward by Plaintiff. First, Defendant Freitas asserts that the allegations in Count One of Plaintiff's complaint are not supported by any facts as against Defendant Freitas, because Plaintiff has failed to even allege any facts that would prove that Defendant Freitas was involved in or had any awareness at the time of the alleged assault. (Def. Freitas Memo. In Supp. Of Mot. to Dismiss at 7.) Defendant Freitas also attacks Count Two on several grounds, including the Plaintiff's failure to set forth any specific facts supporting his allegations. (Def.

Freitas Memo. In Supp. Of Mot. to Dismiss at 9-10.) Like his co-defendant, Freitas argues that Count Three must be dismissed because Plaintiff has failed to allege specific facts that would support the existence of a conspiracy among the defendants. (Def. Freitas Memo. In Supp. Of Mot. to Dismiss at 22 (citing Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997)).) Lastly, Defendant Freitas seeks the dismissal of Counts Four and Five, because Plaintiff has not asserted any specific facts to establish that he has suffered emotional distress as a result of Defendant's actions. (Def. Freitas Memo. In Supp. Of Mot. to Dismiss at 23-25.) Also, like his co-defendant, Defendant Freitas argues in the alternative that he is entitled to qualified immunity.

A. Plaintiff's First Amended Complaint contains allegations sufficient to state a claim for each of his causes of action.

Counts One and Two of Plaintiff's First Amended Complaint assert claims pursuant to 42 U.S.C. § 1983 for violations of various constitutional rights. Section 1983 provides:

> Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Thus, the essential elements to be proved in any § 1983 action are: (1) that the defendant was acting under color of state law in the actions complained of, and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Briley v. State of California, 564 F.2d 849, 853 (9th Cir. 1977). Additionally, a claim of liability under § 1983 against a supervisor requires "allegations of personal direction or actual knowledge and acquiescence" in conduct alleged to have violated the constitutional rights of a citizen. Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992).

The United States Supreme Court has made clear that a municipality can be found liable under § 1983 for violations by its employees, but only in limited circumstances. See Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). *Respondeat superior* or vicarious liability alone will not suffice to create liability under § 1983. Id., at 694-695. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." Springfield v. Kibbe, 480 U.S. 257, 267 (quoting Monell, 436 U.S. at 694). The test announced by the court for determining whether a municipality may be held liable for the inadequate training or supervision of its police officers revolves around "deliberate indifference."

Only where the failure to train or supervise amounts to a deliberate indifference to the rights of persons with whom the police come into contact may the inadequacy of police training or supervision serve as the basis for a § 1983 claim. City of Canton Ohio v. Harris, 489 U.S. 378, 388 (1989). Moreover, a Plaintiff alleging municipal liability under § 1983 must show there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Id. at 385.

Count Three of Plaintiff's First Amended Complaint alleges that the Defendants conspired in violation of § 1983 to deprive Plaintiff of his Constitutional rights. The essential elements of a § 1983 conspiracy claim are "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999). Because "conspiracies are by their very nature secretive operations," the courts have allowed their existence to be plead and proved based on circumstantial evidence. Id.

Counts Four and Five assert claims of intentional infliction of emotional distress and negligent infliction of emotional distress, respectively. Under Hawaii law, the tort of intentional infliction of emotional distress consists of the following three elements: "(1) that the act allegedly causing harm was

intentional; (2) that the act was unreasonable; and (3) that the actor should have recognized that the act was likely to result in illness." Villarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1068 (9th Cir. 2002). The elements of the tort of negligent infliction of emotional distress, as gleaned from the rulings of the Hawaii Supreme Court, are as follows: (1) that defendant engaged in negligent conduct; (2) that plaintiff suffered serious emotional distress; and (3) that such negligent conduct of defendant was a legal cause of the serious emotional distress. Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1239 (D. Haw. 2001). Moreover, the Hawaii Supreme Court has qualified this holding with the proviso that "recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is 'some physical injury to property or [another] person' resulting from the defendant's conduct." John & Jane Roes, 1-100 v. FHP, Inc., 985 P.2d 661, 665 (Haw. 1999) (citing Ross v. Stouffer Hotel Co. (Hawaii) Ltd., 879 P.2d 1037, 1048-49 (Haw. 1994)). Thus, a plaintiff seeking damages for negligent infliction of emotional distress must generally demonstrate some predicate physical or property injury.

Given the factual allegations contained in Plaintiff's complaint, the Court cannot hold that, beyond doubt, the Plaintiff can prove no set of facts that would establish the elements of these five causes of action. The Supreme Court

has made clear that every element charged in the complaint need not be supported in specific evidentiary detail. As the court explained:

> [W]here a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified. If a party needs more facts, it has a right to call for them under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. And any time a claim is frivolous an expensive full dress trial can be avoided by invoking the summary judgment procedure under Rule 56.

United States v. Employing Plasterers Ass'n of Chicago, 347 U.S. 186, 189 (1954). This rule stems from the fact that, under the liberal rules of pleading embodied in the Federal Rules of Civil Procedure, a complaint need only contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). See also Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, (11th Cir. 1996) ("The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests."); Dioguardi v. Durning, 139 F.2d 774 (2nd Cir. 1944) ("[T]here is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").

Likewise, the Ninth Circuit has held that a trial court may not dismiss a plaintiff's case based solely on a lack of evidentiary detail when the plaintiff has generally charged all of the required elements of each claim. In Harmon v. Valley National Bank of Arizona, the court reversed a trial court's dismissal of a plaintiff's case, even while finding that the complaint did not allege sufficient facts to create a "triable issue." Harmon v. Valley Nat'l Bank of Arizona, 339 F.2d 564, 567 (9th Cir. 1964). The court stated:

> '[M]ere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement.' And since despite these and other deficiencies it cannot be said with certainty from the face of the present complaint that appellant will be unable to allege a triable claim, it was error to dismiss the action for failure to state a claim upon which relief could be granted. It may be well to repeat, in the words of Judge Barnes, that a motion to dismiss is not 'the only effective procedural implement for the expeditious handling of legal controversies. Pretrial conference; the discovery procedures; and motions for a more definite statement, judgment on the pleadings and summary judgment, all provide useful tools for the sifting of allegations and the determination of the legal sufficiency of an asserted claim' short of trial.

Id. at 567 (internal citations omitted).

This Court acknowledges that Plaintiff has made the bare minimum of allegations necessary to state a claim for his various causes of action. But having

found that Plaintiff has met this requirement, however minimally, the Court cannot grant Defendants' motions for dismissal.

B. Plaintiff has persuaded the Court that, in the interest of fairness and justice, the Court must defer a decision on Defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(f), pending further discovery.

Regarding the summary judgment component of Defendants' motions, the Court sees no need to analyze either Defendant's arguments at length at this time, because Plaintiff has brought forth almost no evidence to support his assertions and very little argument to rebut Defendants' claims. Indeed, Plaintiff's memoranda in opposition to the two motions contain only brief, broad assertions in rebuttal of Defendants' arguments; the only supporting evidence submitted is the brief affidavit of the Plaintiff. Generally, when a plaintiff fails to respond to a motion for summary judgment with sufficient evidence to support his or her claims, that plaintiff has failed to meet its burden of showing the existence of a genuine issue of material fact, and therefore summary judgment will be granted to the defendant. T.W. Elec. Service, 809 F.2d at 630. However, despite the rule that "summary judgment must be granted 'forthwith'" following the plaintiff's failure to meet this burden, an exception exists where "the court determines that further

time for discovery should be allowed." Id. Federal Rule of Civil Procedure 56 states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

In this case, Plaintiff has persuaded the Court that he has not yet been afforded an adequate period of discovery during which to collect the information he needs to support his claims. Plaintiff explains that, until very recently, Kauai Police Department records and reports relating to the incident have been withheld by the County of Kauai on the grounds that the Department of the Attorney General for the State of Hawaii was conducting a criminal investigation regarding Defendant Curnan and the alleged assault. (Pl. Memo. In Opp'n to Freitas at 5; Pl. Memo. In Opp'n to Curnan at 5.) Plaintiff notes that, as of January 6, 2005, when Plaintiff filed his memorandum in opposition, no oral depositions of parties or witnesses had occurred, and no requests for the production of documents from the Kauai Police Department had been made. (Pl. Memo. In Opp'n to Freitas at 2-3; Pl. Memo. In Opp'n to Curnan at 3.) Indeed, the only "evidence" that the two

moving Defendants cite in their memoranda and concise statements of facts are the first amended complaint and the Plaintiff's response to Defendant Curnan's interrogatories. Plaintiff asks the Court to defer judgment on the motions to dismiss until the parties are afforded the opportunity to conduct the numerous depositions and extensive documentary discovery that Plaintiff anticipates will be necessary. (Pl. Memo. In Opp'n to Freitas at 5; Pl. Memo. In Opp'n to Curnan at 5.)

Thus, because the Court finds that the Plaintiff has made the minimum allegations required to withstand Defendants' motions to dismiss, the Court DENIES IN PART both Defendants' motions with respect to Defendants' motions to dismiss. However, because the Court finds that additional discovery is essential in order for the parties to fairly and adequately litigate the issues raised by Defendants' motions for summary judgment, the Court hereby DENIES WITHOUT PREJUDICE IN PART both motions with respect to Defendants' motions for summary judgment, with the understanding that both parties will refile their motions after an adequate period of discovery has elapsed. The Court finds that denying the motions preliminarily and allowing the parties to refile their motions after additional discovery has occurred will best serve the interests of justice and all parties, because, given the case's early stage in the discovery

process, both Plaintiff's and Defendants' arguments may be significantly impacted by the discovery of additional information.

CONCLUSION

For the reasons stated above, the Court DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant George Freitas' Motion to Dismiss, or in the Alternative, for Summary Judgment, and DENIES IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendant Martin W. Curnan's Motion to Dismiss Plaintiff's First Amended Complaint or for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, JAN 28 2005.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Mark N. Begley v. County of Kauai, Kauai Police Department, George Freitas, Martin W. Curnan, and David Nawai, CV. NO. 03-00162 DAE-KSC; ORDER DENYING IN PART AND WITHOUT PREJUDICE IN PART DEFENDANT GEORGE FREITAS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; ORDER DENYING IN PART AND WITHOUT PREJUDICE IN PART DEFENDANT MARTIN W. CURNAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR FOR SUMMARY JUDGMENT