REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership
MICHAEL J. McGUIGAN 2433-0
ELMIRA K.L. TSANG 7474-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2400
Honolulu, Hawai`i 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: mjm@roplaw.com

*Attorneys for Defendants*
*MARTIN W. CURNAN*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 15 2005
at 10 o'clock and 58 min. a M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>NOTICE OF HEARING MOTION; DEFENDANT MARTIN W. CURNAN'S MOTION TO QUASH THE SUBPOENA IN A CIVIL CASE TO THE STATE OF HAWAII, DEPARTMENT OF THE ATTORNEY GENERAL OR FOR PROTECTIVE ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF ELMIRA K.S. TSANG; EXHIBIT "A"; CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5; CERTIFICATE OF SERVICE<br><br>HEARING<br>Date: July 28, 2005<br>Time: 9:30 a.m<br>Magistrate Judge Kevin S.C. Chang<br><br>TRIAL DATE: JANUARY 4, 2006 |



EXHIBIT "D"

## NOTICE OF HEARING MOTION

TO: DONNA R. RICHARDS
MARK R. ZENGER
3016 Umi Street
Suites 204 and 211-B
Lihue, Hawai`i 96766

CHRISTOPHER S. BOUSLOG
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawai`i 96813-4908

Attorneys for Plaintiff
MARK N. BEGLEY

DAVID J. MINKIN, ESQ.
McCorriston Miller Mukai MacKinnon
P. O. Box 2800
Honolulu, Hawai`i 96803
*Attorneys for County of Kauai*

JOHN KOMEIJI, ESQ.
TOBY M. TONAKI, ESQ.
Watanabe Ing & Kawashima
First Hawai`ian Center
999 Bishop Street, Floor 23
Honolulu, Hawai`i 96813
*Attorneys for Chief George Freitas*

DAVID NAWAI
238 Molo Street
Kapaa, Hawai`i 96746

NOTICE IS HEREBY GIVEN that Defendant Martin W. Curnan's Motion To Quash The Subpoena In A Civil Case To The State of Hawaii, Department of the Attorney General Or For Protective Order shall come on for

hearing before the **Honorable Kevin S.C. Chang, Judge/Magistrate** of the above-entitled Court, in his/her courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawai`i, on **July 28, 2005 at 9:30 a.m.**, or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawai`i, JUN 15 2005.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG

*Attorneys for Defendant*
*MARTIN W. CURNAN*

# DEFENDANT MARTIN W. CURNAN'S MOTION TO QUASH THE SUBPOENA IN A CIVIL CASE TO THE STATE OF HAWAII, DEPARTMENT OF THE ATTORNEY GENERAL OR FOR PROTECTIVE ORDER

Defendant MARTIN W. CURNAN, by and through his attorneys, Reinwald, O'Connor & Playdon LLP, hereby moves this Honorable Court for an order to quash the Subpoena In A Civil Case to the State of Hawaii, Department of the Attorney General dated June 1, 2005. Alternatively, Defendants move this Honorable Court for an in camera review of the documents responsive to Plaintiff's Subpoena.

This motion is brought pursuant Rules 7, 26, and 45 of the Federal Rules of Civil Procedure, and is based on the memorandum in support, affidavit of counsel, exhibit attached hereto and the records and files herein.

DATED: Honolulu, Hawai`i, JUN 15 2005.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG

*Attorneys for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

Defendant MARTIN W. CURNAN, by and through his attorneys, Reinwald, O'Connor & Playdon LLP, hereby moves this Honorable Court for a protective order to quash the Subpoena In A Civil Case to the State of Hawaii, Department of the Attorney General dated June 1, 2005 ("Subpoena"; also attached hereto as Exhibit "A") because this Subpoena seeks discovery of MARTIN W. CURNAN's personal information, which is protected by Article I, section 6 of the Hawai`i Constitution. Further, the Subpoena seeks the discovery of information which is irrelevant to the causes of action enumerated in the Complaint.

Accordingly, the information and materials sought by this Subpoena are undiscoverable, irrelevant and oppressive.

## II. FACTS

Plaintiff filed his First Amended Complaint on March 5, 2004, alleging claims against Defendants arising out of an alleged assault on May 17, 2002, and a conspiracy amongst Defendants to commit the same. Plaintiff advanced claims based on theories of assault, battery, failure to render aid, false imprisonment, failure to act as an officer and conspiracy to commit assault. Presumably, the acts alleged against Defendants took place on or about May 17, 2005.

On June 1, 2005, Plaintiff caused a Subpoena to be issued to the State of Hawaii, Department of the Attorney General. The Subpoena requested that the following documents be produced:

3. Any and all documents, reports, statements and/or investigative materials relating to investigations of Martin Curnan.

13. Defendant Martin W. Curnan's entire employment file.

14. Any and all documents relating and/or arising from any and all background investigations prior to hiring Martin W. Curnan, including statements, polygraph records, reports, etc.

15. Any and all documents relating to or associated with any and all Kauai Police Department ("KPD") Reports of crimes and/or violations of law alleged to have been committed by Defendant Martin W. Curnan.

16. Any and all documents relating to or associated with any and all Kauai Police Department records of violations of KPD policy alleged to have been committed by Defendant Martin Curnan.

17. Any and all Kauai Police Department Police Commission documents relating to Martin Curnan.

The documents requested by Plaintiff are of a personal and intimate nature to Mr. Curnan, and therefore protected pursuant to the guarantees of the Hawai`i State Constitution. Moreover, Plaintiff's document requests are irrelevant because they are neither tailored to the scope of incidents alleged, the scope of time during which these incidents are alleged to have occurred, nor the type of acts alleged in the Complaint.

## III. ARGUMENT

A court may, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 26(c), "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." FRCP Rule 26(c). FRCP Rule 45 further provides that "on timely motion, the

court by which a subpoena is issued shall quash or modify the subpoena if it…requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" FRCP Rule 45.

A. THE DISCLOSURE OF DOCUMENTS SOUGHT BY PLAINTIFF WOULD BE AN UNWARRANTED INTRUSION UPON DEFENDANT MARTIN W. CURNAN'S CONSTITUTIONAL RIGHT TO PRIVACY.

The discovery sought by Plaintiffs regarding Martin W. Curnan is overly broad and would be an unwarranted intrusion upon Defendants' constitutional right to privacy.

Article I, section 6 of the Constitution of the State of Hawai`i, provides a right of privacy which protects confidential information of a highly personal and intimate nature. Hawai`i Const. art. I, sec. 6; Nakano v. Matayoshi, 68 Haw. 140, 706 P.2d 814 (Haw. 1985); Painting Industry of Hawaii Market Recovery Fund v. Alm, 69 Haw. 449, 746 P.2d 79 (Haw. 1987); SHOPO v. Society of Professional Journalists-University of Hawai`i Chapter, 83 Haw. 378, 927 P.2d 386 (Haw. 1996). It well recognized in Hawai`i that personnel records may contain information that, if disclosed, would constitute an invasion of such a right of privacy. SHOPO, 83 Haw. at 399, 927 P.2d at 407 (citing Painting Industry, supra).

In SHOPO, 83 Haw. 378, 927 P.2d 386, the Supreme Court of Hawai`i considered whether "the identities and disciplinary records of police

officers who engaged in…misconduct in the course of their public duties as to warrant suspension or dismissal is 'highly personal and intimate information.'" Id., 83 Haw. at 398, 927 P.2d at 406. The privacy provisions of Hawai`i Const. Art. I, sec. 6 and Hawai`i Revised Statutes ("HRS") § 92F[1] were examined. First, the SHOPO court recognized that "HRS Chapter 92E[, the precursor to HRS Chapter 92F,] was expressly intended to implement in part the right of privacy codified in the 1978 amendment to the Hawai`i State Constitution in article I, section 6."[2] Id., 83 Haw. at 397-398, 927 P.2d at 405-406 (citing Painting

---

[1] The information request in SHOPO was made pursuant to Hawai`i's Uniform Information Practices Act, or HRS § 92F.

[2] HRS § 92F-14 provides in relevant part:

> (b) The following are examples of information in which the individual has a significant privacy interest:
>
> (1) Information relating to medical, psychiatric, or psychological history, diagnosis, condition, treatment, or evaluation, other than directory information while an individual is present at such facility;
>
> (2) Information identifiable as part of an investigation into a possible violation of criminal law, except to the extent that disclosure is necessary to prosecute the violation or to continue the investigation;
>
> * * * *
>
> (4) Information in an agency's personnel file, or applications, nominations, recommendations, or proposals for public employment or appointment to a governmental position, except:

Industry, supra). The court then acknowledged the Hawai`i State Legislature's

---

(A) Information disclosed under section 92F-12(a)(14); and

(B) The following information related to employment misconduct that results in an employee's suspension or discharge:

(i) The name of the employee;

(ii) The nature of the employment related misconduct;

(iii) The agency's summary of the allegations of misconduct;

(iv) Findings of fact and conclusions of law; and

(v) The disciplinary action taken by the agency;

when the following has occurred: the highest non-judicial grievance adjustment procedure timely invoked by the employee or the employee's representative has concluded; a written decision sustaining the suspension or discharge has been issued after this procedure; and thirty calendar days have elapsed following the issuance of the decision; provided that this subparagraph shall not apply to a county police department officer except in a case which results in the discharge of the officer;

(5) Information relating to an individual's nongovernmental employment history except as necessary to demonstrate compliance with requirements for a particular government position;

* * * *

(8) Information comprising a personal recommendation or evaluation; and

determination that "public employees who have been suspended or discharged for employment related misconduct do not have a significant privacy interest in information about that misconduct." Id., 83 Haw. at 398, 927 P.2d at 406. Under this reasoning, the SHOPO court concluded that "information regarding charges of misconduct by police officers, in their capacities as such, that have been sustained after investigation and that have resulted in suspension or discharge is not 'highly personal and intimate information' and, therefore, is not within the protection of Hawai`i's constitutional right to privacy." Id., 83 Haw. at 399-400, 927 P.2d at 407-408. The court elaborated upon its conclusion by stating:

> HRS § 92F-14(b)(4) expressly confirms that an individual has a "significant privacy interest" in information in an agency's personnel file, with exception of the specified information relating to misconduct. This information unrelated to misconduct, therefore, is exempt from the general disclosure requirement unless "the public interest is disclosure outweighs the privacy interests of the individual." HRS § 92F-14(a).

Id., 83 Haw. at 300-400, 927 P.2d at 406-407.

Following the holding in SHOPO, it is clear that Plaintiff is not entitled to any of the personnel documents requested concerning Martin W. Curnan, unless such documents relate to (1) charges of misconduct against Defendant Curnan, (2) in his capacity as a police officer, (3) that have resulted in suspension or discharge. It is also evident that the disclosure of any other

---

(9) Social security numbers.

information enumerated in HRS § 92F-14 would "constitute a clearly unwarranted invasion of [Defendant Curnan's] personal privacy." HRS § 92F-14.

To minimize any intrusion upon Defendant Curnan's right to privacy, discovery of personal information, if allowed, should be limited to that which is relevant to claims raised in Plaintiff's Complaint.

B. PLAINTIFF'S DOCUMENT REQUESTS ARE NOT RELEVANT TO THE CAUSES OF ACTIONS AVERRED IN THE COMPLAINT

Assuming arguendo, Plaintiff is able to overcome the constitutional protections sheltering Defendant Curnan's personal information, Plaintiff 's discovery request should nonetheless be quashed as the documents sought are irrelevant to the causes of action asserted in the Complaint.

The Complaint alleges an assault on May 17, 2002, and a conspiracy amongst Defendants to commit the same. Plaintiff's claims are advanced on theories of assault, battery, failure to render aid, false imprisonment, failure to act as an officer and conspiracy to commit assault, all presumably taking place on or about May 17, 2005. No cause of action exists to justify the wholesale disclosure of documents relating to Defendant Curnan's employment, background investigation, complaints, and/or policy violations (if any).

A general limitation on the right of discovery is that the information sought must be "relevant to the claim or defense of any party." FRCP Rule

26(b)(1). Information can be discoverable as relevant if it is admissible at trial or is "reasonably calculated to lead to the discovery of admissible evidence." Id.

Where Plaintiff brings no action for (1) acts carried out during the hiring process of Defendant Curnan, (2) acts taking place throughout the term of Defendant Curnan's employment, (3) "any and all" "crimes or violations of law alleged to have been committed by" Defendant Curnan, or (4) "any and all" "violations of KPD policy alleged to have been committed by" Defendant Curnan, such information is not admissible at trial and not reasonably calculated to lead to the discovery of admissible evidence. Such information is therefore irrelevant and undiscoverable.

If Plaintiff is seeking information directly related to the alleged assault of May 17, 2002, or regarding the allegation that Defendant Curnan "[used] illicit drugs and/or [promoted] illicit drugs and/or [assisted] and/or [associated] with persons reasonably suspected of being involved with ongoing criminal activity," the discovery of this information can be accomplished by simply making a tailored request for the same. The wholesale provision of Defendant Curnan's KPD file would amount to an unreasonable and oppressive intrusion of privacy, especially where the scope of Plaintiff's discovery request can be easily narrowed to the causes of action averred in the Complaint.

Defendant Curnan's complete KPD file is not relevant to Plaintiff's claims and is thus undiscoverable. At best, assuming the Constitutional protections discussed above do not apply, Plaintiff is entitled only to records concerning Defendant Curnan's involvement in the alleged assault of May 17, 2002. The discovery of Defendant Curnan's KPD file should be limited to the subject matter involved in the instant action.

## IV. CONCLUSION

For the foregoing reasons, Defendant Martin W. Curnan respectfully requests that this Court grant his motion to quash the Subpoena in a Civil Case dated June 1, 2005 or for protective order. Alternatively, Defendant Martin W. Curnan respectfully requests that this Court order the in camera review of documents responsive to Plaintiff's Subpoena, and withhold from discovery documents which do not relate to (1) charges of misconduct against Defendant Curnan, in his capacity as a police officer, that have resulted in suspension or discharge, and/or (2) the subject matter in this action.

DATED: Honolulu, Hawai`i, JUN 15 2005.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG

*Attorneys for Defendant*
*MARTIN W. CURNAN*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>DECLARATION OF ELMIRA K.S. TSANG |

DECLARATION OF ELMIRA K.S. TSANG

STATE OF HAWAI`I )
) SS.
CITY AND COUNTY OF HONOLULU )

ELMIRA K.S. TSANG, being first duly sworn upon oath, deposes and says:

1. I am an attorney licensed to practice before all courts of the State of Hawai`i and is one of the attorneys for Defendant MARTIN W. CURNAN in the above-captioned matter. I have personal knowledge of the facts stated herein.

2. Attached hereto as Exhibit "A" is a true and correct copy of the Subpoena In A Civil Case to the State of Hawaii, Department of the Attorney General dated June 1, 2005.

3. Pursuant to FRCP Rule 26(c), I hereby certify that a good faith effort was made to confer or attempt to confer with Plaintiff's counsel to resolve this dispute without court action on June 14, 2005. The parties were unable to agree.

I DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on JUN 15 2005.

ELMIRA K.L. TSANG

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

DISTRICT OF HAWAII

MARK N. BEGLEY,
Plaintiff,

V.

COUNTY OF KAUAI, et al.

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV 03-00162 KSC

TO: STATE OF HAWAII, DEPARTMENT OF THE ATTORNEY GENERAL
425 Queen Street, Honolulu, Hawaii 96813

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Honolulu Reporting Services, 1000 Bishop Street, Suite 401, Honolulu, Hawaii 96813 | June 13, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | June 1, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Christopher S. Bouslog, Law Offices of Chris Bouslog, Four Waterfront Plaza, Suite 480, 500 Ala Moana Boulevard, Honolulu, Hawaii 96813 PH: (808) 550-4995

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

EXHIBIT "A"

**EXHIBIT "A"**

1. Any and all documents, reports, statements and/or investigative materials relating to or arising from injuries sustained by Mark Begley on or about May 17, 2002 through and including May 18, 2002.

2. Any and all documents that relate to or were submitted in connection with any internal investigation of charges made by Mark Begley to Defendant County and/or the Kauai Police Department against Martin Curnan and/or others arising out of or connected with injuries sustained by Begley on or about May 17, 2002 through and including May 18, 2002.

3. Any and all documents, reports, statements and/or investigative materials relating to investigations of Martin Curnan.

4. Any and all documents, reports, statements and/or investigative materials relating to investigations of David Nawai.

5. Any and all documents relating to or associated with any and all Kauai Police Department Reports of an Unauthorized Entry into a Motor Vehicle alleged to have been committed by Plaintiff Mark Begley.

6. Any and all documents relating to or associated with any and all Kauai Police Department Reports of crimes and/or violations of law alleged to have been committed by Plaintiff Mark Begley.

7. Any and all documents relating to or associated with any and all Kauai Police Department records of violations of KPD policy alleged to have been committed by Plaintiff Mark Begley.

8. Any and all Kauai Police Department Police Commission documents relating to Plaintiff Mark Begley.

9. Defendant George Freitas' entire employment file.

10. Any and all documents relating to and/or arising from any and all background investigations prior to hiring George Freitas, including statements, polygraph records, reports, etc.

11. Any and all Kauai Police Department Police Commission documents relating to George Freitas.

12. Any and all investigative reports and materials relating to and/or arising from any and all inquiries and/or investigations conducted by John Ko of George Freitas.

13. Defendant Martin W. Curnan's entire employment file.

14. Any and all documents relating to and/or arising from any and all background investigations prior to hiring Martin W. Curnan, including statements, polygraph records, reports, etc.

15. Any and all documents relating to or associated with any and all Kauai Police Department Reports of crimes and/or violations of law alleged to have been committed by Defendant Martin W. Curnan.

16. Any and all documents relating to or associated with any and all Kauai Police Department records of violations of KPD policy alleged to have been committed by Defendant Martin Curnan.

17. Any and all Kauai Police Department Police Commission documents relating to Martin Curnan.

18. Kauai Police Department Reports:

    a) 99-21712

    b) 99-2170A

    c) 01-26763

19. Any and all documents relating to or arising from any and all Kauai Liquor Commission investigations and/or inquiries into an incident which occurred at the Lizard Lounge on or about November 12, 2001.

20. Any and all video and/or audio tape recordings and transcripts and notes thereof relating to or containing the statements of any individual, including current and former employees of Defendant County and/or the Kauai Police Department which concern Defendants, Plaintiff and or the matters raised in Plaintiff's First Amended Complaint.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5 |

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5

Pursuant to the Local Rules of Practice for the United States District Court for the District of Hawai`i, LR 7.5, I certify that the attached Memorandum In Support of Motion uses a 14 point Times New Roman font, proportionally spaced. The brief consists of a total of less than 9,000 words allowed by LR 7.5. The word count set forth herein was provided by this law firm's word processing system which produced the attached memorandum.

DATED: Honolulu, Hawai`i, JUN 15 2005.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG

*Attorneys for Defendant*
*MARTIN W. CURNAN*

157745/EKT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. CV03-00162 DAE KSC<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document will be duly served on the following parties as indicated below to their last known address on the date shown below.

| | HAND DELIVERED | U.S. MAIL |
|---|---|---|
| CHRIS BOUSLOG, ESQ.<br>Law Office of Chris Bouslog<br>Four Waterfront Plaza, Suite 480<br>500 Ala Moana Boulevard<br>Honolulu, Hawai`i 96813-4908 | X | |

and

| | HAND DELIVERED | U.S. MAIL |
|---|---|---|
| DONNA E. RICHARDS, ESQ.<br>MARK R. ZENGER, ESQ.<br>Richards & Zenger<br>P. O. Box 3966<br>Lihue, Hawai`i 96766<br>*Attorneys for Plaintiff* | | X |
| DAVID J. MINKIN, ESQ.<br>McCorriston Miller Mukai MacKinnon<br>P. O. Box 2800<br>Honolulu, Hawai`i 96803<br>*Attorneys for County of Kauai* | X | |
| JOHN KOMEIJI, ESQ.<br>TOBY M. TONAKI, ESQ.<br>Watanabe Ing & Kawashima<br>First Hawai`ian Center<br>999 Bishop Street, Floor 23<br>Honolulu, Hawai`i 96813<br>*Attorneys for Chief George Freitas* | X | |
| DAVID NAWAI<br>Post Office Box 1769<br>Lihue, Hawai`i 96746 | | X |

DATED: Honolulu, Hawai`i, JUN 15 2005.

MICHAEL J. McGUIGAN
ELMIRA K.L. TSANG

*Attorney for Defendant*
MARTIN W. CURNAN