IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. 03-00162 KSC<br><br>ORDER REGARDING DEFENDANT COUNTY'S BILL OF COSTS |

ORDER REGARDING DEFENDANT COUNTY'S BILL OF COSTS

On April 26, 2006, Defendant County of Kauai ("Defendant County") filed a Bill of Costs and Memorandum in Support of Its Bill of Costs ("Bill of Costs"). On May 31, 2006[1], Plaintiff Mark N. Begley ("Plaintiff"), proceeding pro se, filed an Objection to Defendant County of Kauai's Bill of Costs

[1] On May 11, 2006, the Court granted Richard & Zenger's Motion to Withdraw as Counsel for Mark N. Begley and gave Plaintiff Mark N. Begley until May 31, 2006 to file any objections to the post-judgment motions that had been filed.

("Objection"). On June 6, 2006, Defendant County filed a Response to Plaintiff Mark N. Begley's Objection ("Reply"). Defendant County requests that the Court tax costs in the amount of $1,968.23 against Plaintiff.

Defendant County, as the prevailing party in this action[2], seeks costs pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2 of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"). Specifically, Defendant County seeks the following costs: (1) $ 287.72 for stenographic reporter and deposition transcript fees; (2) $1,104.90 for in-house photocopying costs; (3) $70.19 for photocopying costs for other records; (4) $438.04 for travel expense and outer island airfare; (5) $10.90 for postage costs; (6) $25.92 for

---

[2] On April 6, 2006, final judgment was entered in favor of Defendants Curnan and Nawai. On April 11, 2006, an amended judgment was entered clarifying that final judgment is entered in favor of all Defendants in this case.

long distance telephone calls; and (7) $30.56 for facsimile expenses.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, a district court may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. Save Our

Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003)(internal citations omitted).

Plaintiff argues that the Court should exercise its discretion in this case and decline to award costs to Defendant County. Plaintiff argues that the Court should consider his limited financial resources, the misrepresentations made by Defendant County to the Court, the importance and complexity of the issues in this case, and the chilling effect on future civil rights litigants.

The Court, considering the factors set forth in Save Our Valley, 335 F.3d at 945, does not find that the circumstances presented in this case warrant the denial of costs to Defendant County. First, Defendant County is seeking $1,968.23 in costs from Plaintiff. The Court finds that Plaintiff is financially capable of paying these costs. Second, despite Plaintiff's assertion to the contrary, the Court finds that there has been no willful misconduct or bad faith on the part of Defendant County or their attorney in this case. Third, the Court finds that this case does not present

issues of great complexity or public importance as it involved a personal dispute among individuals. Finally, the Court does not believe that awarding Defendant County costs in this case will have a chilling effect on future civil rights litigants. Accordingly, the Court will tax costs in favor of Defendant County in this case.

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Pursuant to 28 U.S.C. § 1920, a court may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126. The Court will address each of the costs requested by Defendant County in turn.

A. Stenographic Reporter and Deposition Transcript Fees

Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2). Defendant County seeks $287.72 for stenographic reporter and deposition transcript fees[3]. Defendant County states that "the deposition expenses were necessarily incurred in the litigation of this case." However, Defendant County has failed to provide

[3] The Court notes that on Defendant County's Bill of Costs, Defendant County lists $287.72 under the category "[f]ees for service of summons and subpoena."

any additional details regarding these costs, such as the names of the deponents for example, or any documentation supporting these costs. Consequently, the Court will reduce Defendant County's award by twenty-five (25) percent and award Defendant County $215.79 for stenographic reporter and deposition transcript fees.

B. Photocopying Costs

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), a judge may tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable." L.R. 54.2(f)(4). The district court has discretion to determine what photocopying costs are "necessarily obtained for use in the case." The documents need not

be introduced into the record to be necessarily obtained for use in the case. Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

Defendant County seeks $1,104.90, representing the costs of in-house photocopies, and $70.19 in additional photocopying costs. Defendant County's counsel, David Minkin, stated that the $1,175.09 requested reflects only the cost of photocopying documents to be submitted to the Court and served upon counsel for other parties in this case, and therefore this figure is less than the actual total costs documented in Defendant County's Exhibit "A". See Declaration of David J. Minkin at ¶6. Defendant County represents that the $70.19 reflects the actual cost charged by commercial copiers for photocopies of medical records and other discovery documents and records necessarily obtained for use in this case. Id. at ¶7.

The Court notes at the outset that the majority of entries listed in Defendant County's Exhibit "A" do not contain any descriptions of the documents being photocopied and merely list "xeroxing charges" for each entry related to photocopying costs. Only reference numbers 55, 56, 57, and 130 provide descriptions of the documents being copied. Therefore, the Court is unable to determine whether all of the photocopying charges were necessarily obtained for use in this case. Given that the Court, with the exception of those entries noted, cannot estimate the number of copies necessarily obtained for use in this case, the Court will reduce the amount of photocopying costs by twenty-five (25) percent for a total award of $881.32 for photocopying costs.

C. Travel Expenses

Defendant County seeks a total of $438.04 in travel expenses and outer island airfare expenses. Defendant County argues that this cost is recoverable as an actual litigation expense pursuant to 42 U.S.C. §

1988. Defendant County is mistaken. As previously noted, the Court may only tax costs defined in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126. Travel expenses are not a recoverable cost listed in 28 U.S.C. § 1920 and are therefore not taxable as costs.

D. Postage

Defendant County seeks a total of $10.90 in postage costs. Postage costs are not a recoverable cost listed in 28 U.S.C. § 1920 and are therefore not taxable as costs.

E. Long Distance Telephone Expense

Defendant County seeks a total of $25.92 in long distance telephone expenses. Long distance telephone costs are not listed as a recoverable cost in 28 U.S.C. § 1920 and are therefore not taxable as costs.

F. Facsimile Expenses

Defendant County seeks a total of $30.56 in facsimile expenses. Facsimile expenses are not a

recoverable cost listed in 28 U.S.C. § 1920 and are therefore not taxable as costs.

Accordingly, the Court awards Defendant County $215.79 for stenographic reporter and deposition transcript fees and $881.32 for photocopying costs for a total award of $1,097.11. The Clerk is hereby directed to tax costs in the amount of $1,097.11.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 29, 2006.

Kevin S.C. Chang
United States Magistrate Judge