IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK N. BEGLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | ) | CIVIL NO. 03-00162 KSC<br><br>ORDER REGARDING DEFENDANT CURNAN'S BILL OF COSTS |

ORDER REGARDING DEFENDANT CURNAN'S BILL OF COSTS

On April 25, 2006, Defendant Martin W. Curnan ("Defendant Curnan") filed a Bill of Costs and Memorandum in Support of Bill of Costs ("Bill of Costs"). On May 31, 2006, Defendant Curnan filed a Statement in Support of Bill of Costs; Local Rule 54.2 and Local Rule 54.3 Statement of Consultation Pursuant to Judgment Entered on April 6, 2006. On May 31, 2006[1],

---

[1] On May 11, 2006, the Court granted Richard & Zenger's Motion to Withdraw as Counsel for Mark N. Begley and gave Plaintiff Mark N. Begley until May 31,

Plaintiff Mark N. Begley ("Plaintiff"), proceeding pro se, filed an Objection to Defendant Curnan's Bill of Costs ("Objection"). Defendant Curnan requests that the Court tax costs in the amount of $6,977.26 against Plaintiff.

Defendant Curnan, as the prevailing party in this action[2], seeks costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2 of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"). Specifically, Defendant Curnan seeks the following costs: (1) $ 15.00 for fees for summons and subpoena; (2) $3,935.22 for fees for court/deposition transcripts; (3) $3,010.40 for photocopies; and (4) $16.64 for a map of Kauai for trial.

---

2006 to file any objections to the post-judgment motions that had been filed.

[2] On April 6, 2006, final judgment was entered in favor of Defendants Curnan and Nawai. On April 11, 2006, an amended judgment was entered clarifying that final judgment is entered in favor of all Defendants in this case.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003)(internal citations omitted).

Plaintiff argues that the Court should exercise its discretion in this case and decline to award costs to Defendant Curnan. Plaintiff argues that the Court should consider his limited financial resources, the misrepresentations made by Defendant Curnan to the Court, the importance and complexity of the issues in this case, and the chilling effect on future civil rights litigants.

The Court, considering the factors set forth in Save Our Valley, 335 F.3d at 945, does not find that the circumstances presented in this case warrant the denial of costs. First, Defendant Curnan is seeking $6,977.26 in costs from Plaintiff. The Court finds that Plaintiff is financially capable of paying these costs. Second, despite Plaintiff’s assertion to the contrary, the Court finds that there has been no willful misconduct or bad faith on the part of Defendant Curnan or his attorney in this case. Third, the Court finds that this case does not present issues of great complexity or public importance because it involved a personal dispute among individuals.

Finally, the Court does not believe that awarding Defendant Curnan costs in this case will have a chilling effect on future civil rights litigants. Accordingly, the Court will tax costs in favor of Defendant Curnan in this case.

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Pursuant to 28 U.S.C. § 1920, a court may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters,

> and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126. The Court will address each of the costs requested by Defendant Curnan in turn.

A. Fees for Summons and Subpoena

Pursuant to 28 U.S.C. 1920(1), fees of the clerk and marshal are taxable costs. Pursuant to Local Rule 54.2(f)(1), "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." L.R. 54.2(f)(1). Defendant Curnan seeks $15.00 in costs for fees for the summons and subpoena. These are allowable costs under 28 U.S.C. 1920(1) and Local Rule 54.2(f)(1) and therefore the Court will award Defendant Curnan $15.00 for summons and subpoena fees.

B. Fees for Court/Deposition Transcripts

Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic

and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2). Defendant Curnan seeks $3,935.22 for court/deposition transcripts. Defendant Curnan states that "the costs reflected in the Bill of Costs are correctly stated, and based upon my experience, they were necessary [sic] incurred and appear to be allowable by law." Defendant Curnan's Exhibit "B" attached to his Bill of Costs appears to be a list of every cost incurred by Defendant Curnan in this case. However, Defendant Curnan does not identify for the Court which specific billing references coincide with the costs he is requesting in his Bill of Costs. In addition, Defendant Curnan has failed, for the most part, to provide any additional details regarding the costs requested for court/deposition transcripts. While some entries, such as billing reference numbers 1490, 1044, and 777, list the names of the individuals whose deposition transcripts he is requesting and the dates of the proceedings of the court transcripts,

Defendant Curnan does not explain the intended purpose of any of the transcripts. Consequently, Defendant Curnan has not provided sufficient information for the Court to determine which specific entries he is seeking to recover costs for or whether the requested transcripts were necessarily obtained for use in this case[3]. Accordingly, the Court will reduce Defendant Curnan's award by twenty-five (25) percent and award Defendant Curnan $2,951.42 for stenographic reporter and deposition transcript fees.

C. Photocopying Costs

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), a judge may tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for

---

[3] For example, billing reference number 1490 attached to Defendant Curnan's Bill of Costs lists $1,727.91 for court reporter Debra Chun's trial transcripts from March 7-9, 2006. However, Defendant Curnan fails to explain why these transcripts were necessarily obtained for use in the case.

the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.” L.R. 54.2(f)(4). The district court has discretion to determine what photocopying costs are “necessarily obtained for use in the case.” The documents need not be introduced into the record to be necessarily obtained for use in the case. Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

Defendant Curnan seeks $3,010.40 representing the cost of an unspecified number of photocopies at .10 per page. Defendant Curnan does not identify the items photocopied or the intended purpose for any of the items photocopied. While Exhibit “B” contains a number of items identified as “duplicat I” with a number of pages included below, there is no description of the items being photocopied. Therefore, the Court is unable to determine whether all of the photocopying

charges were necessarily obtained for use in this case. Given that the Court cannot estimate the number of photocopies necessarily obtained for use in this case, the Court will reduce the amount of photocopying costs sought by Defendant Curnan by twenty-five (25) percent for a total award of $2,257.80 for photocopying costs.

D. Additional Costs

Defendant Curnan seeks to recover $16.64 for the map of Kauai he used at trial. As previously noted, the Court may only tax costs defined in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126. The cost of trial exhibits are not a recoverable cost listed in 28 U.S.C. § 1920 and are therefore not taxable as costs.

Accordingly, the Court awards Defendant Curnan $15.00 for fees for the summons and subpoena; $2,951.42 for stenographic reporter and deposition transcript fees; and $2,257.80 for photocopying costs; for a total award of $5,224.22. The Clerk is hereby ordered to tax costs in the amount of $5,224.22 against Plaintiff.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 29, 2006.

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO.03-00162 KSC; MARK N. BEGLEY V. COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, AND DAVID NAWAI; ORDER REGARDING DEFENDANT CURNAN’S BILL OF COSTS