IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. 03-000162 KSC<br><br>ORDER REGARDING DEFENDANT FREITAS' BILL OF COSTS |

ORDER REGARDING DEFENDANT FREITAS' BILL OF COSTS

On April 20, 2006, Defendant George Freitas ("Defendant Freitas") filed a Bill of Costs and Memorandum in Support of Bill of Costs ("Bill of Costs"). On May 18, 2006, Defendant Freitas filed a Statement of Consultation in Support of Defendant George Freitas' Motion for Attorney's Fees and Costs Pursuant to Judgment entered on April 6, 2006 and Bill

of Costs. On May 31, 2006[1], Plaintiff Mark N. Begley ("Plaintiff"), proceeding pro se, filed an Objection to Defendant George Freitas' Motion for Attorney's Fees and Costs[2] ("Objection"). Defendant Freitas requests that the Court tax costs in the amount of $831.13 against Plaintiff.

Defendant Freitas, as a prevailing party in this action[3], seeks costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2 of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"). Specifically, Defendant Freitas seeks

---

[1] On May 11, 2006, the Court granted Richard & Zenger's Motion to Withdraw as Counsel for Mark N. Begley and gave Plaintiff Mark N. Begley until May 31, 2006 to file any objections to the post-judgment motions that had been filed.

[2] This document contains Plaintiff's objections to Defendant Freitas' Motion for Attorney's Fees and Costs as well as Plaintiff's objections to Defendant Freitas' Bill of Costs discussed herein.

[3] On April 6, 2006, final judgment was entered in favor of Defendants Curnan and Nawai. On April 11, 2006, an amended judgment was entered clarifying that final judgment is entered in favor of all Defendants in this case.

the following costs: (1) $ 740.30 for in-house photocopies; (2) $67.69 photocopies prepared externally; (3) $1.64 for long distance telephone charges; and (4) $21.50 for notary fees.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights

litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003)(internal citations omitted).

Plaintiff argues that the Court should exercise its discretion in this case and decline to award costs to Defendant Freitas. Plaintiff argues that the Court should consider his limited financial resources, the misrepresentations made by Defendant County of Kauai to the Court, the importance and complexity of the issues in this case, and the chilling effect on future civil rights litigants.

The Court, considering the factors set forth in Save Our Valley, 335 F.3d at 945, does not find that the circumstances presented in this case warrant the denial of costs. First, Defendant Freitas is seeking $831.13 in costs from Plaintiff. The Court finds that Plaintiff is financially capable of paying these costs. Second, despite Plaintiff’s assertion to the contrary, the Court finds that there has been no willful misconduct or bad faith on the part of Defendant County of Kauai or their attorney in this case. Third, the

Court finds that this case does not present issues of great complexity or public importance because it involved a personal dispute among individuals. Finally, the Court does not believe that awarding Defendant Freitas costs in this case will have a chilling effect on future civil rights litigants. Accordingly, the Court will tax costs in favor of Defendant Freitas in this case.

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Pursuant to 28 U.S.C. § 1920, a court may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126. The Court will address each of the costs requested by Defendant Freitas in turn.

A. Photocopying Costs

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), a judge may tax “[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.” L.R. 54.2(f)(4). The district court has discretion to

determine what photocopying costs are "necessarily obtained for use in the case." The documents need not be introduced into the record to be necessarily obtained for use in the case. Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

Defendant Freitas seeks a total of $807.99 in photocopying costs. In particular, Defendant Freitas seeks $740.20 representing the cost of in-house photocopies at .10 per page, and $67.69 representing the cost of photocopies prepared externally. However, Defendant Freitas does not identify the items photocopied or the intended purpose for any of the items photocopied. While Exhibit "B" attached to Defendant Freitas' Bill of Costs contains a number of items identified as "photocopi", there is no description of the items being photocopied. Therefore, the Court is unable to determine whether all of the photocopying charges were necessarily obtained for use

in this case. Given that the Court cannot estimate the number of photocopies necessarily obtained for use in this case, the Court will reduce the amount of photocopying costs sought by Defendant Freitas by twenty-five (25) percent for a total award of $605.99 for photocopying costs.

D. Additional Costs

Defendant Freitas also seeks to recover $1.64 for long distance telephone charges and $21.50 in notary fees. As previously noted, the Court may only tax costs defined in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126. Neither long distance telephone charges nor notary fees are recoverable costs listed in 28 U.S.C. § 1920 and therefore they are not taxable as costs.

Accordingly, the Court awards Defendant Freitas a total of $605.99 in costs representing the total allowable cost for photocopying expenses. The Clerk is hereby ordered to tax costs in the amount of $605.99 against Plaintiff.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 30, 2006.

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO.03-00162 KSC; MARK N. BEGLEY V. COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, AND DAVID NAWAI; ORDER REGARDING DEFENDANT FREITAS' BILL OF COSTS