IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, GEORGE FREITAS, MARTIN W. CURNAN, and DAVID NAWAI,<br><br>Defendants. | CIVIL NO. 03-00162 KSC<br><br>ORDER GRANTING DEFENDANT FREITAS' MOTION FOR AWARD OF ATTORNEYS' FEES |

ORDER GRANTING DEFENDANT FREITAS' MOTION FOR AWARD OF ATTORNEYS' FEES

On April 20, 2006, Defendant George Freitas ("Defendant Freitas") filed the instant Motion for Award of Attorneys' Fees and Costs ("Motion") seeking $37,345.50 in attorney's fees and $831.13 in costs. Pursuant to Local Rule 7.2(d) of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this Motion suitable for disposition without a hearing. After careful consideration of the Motion, the supporting and

opposing memoranda and the record herein, the Court GRANTS Defendant Freitas' Motion, and orders that Defendant Freitas be awarded attorneys' fees in the amount of $12,448.50.

BACKGROUND

On March 5, 2004, Plaintiff Mark N. Begley ("Plaintiff") filed his First Amended Complaint against Defendants County of Kauai, George Freitas, Martin W. Curnan, and David Nawai alleging civil rights violations, assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, conspiracy, and failure to render aid. Plaintiff's First Amended Complaint ("Amended Complaint") at 15.

On September 30, 2004, Defendant Freitas filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. On January 28, 2005, Judge David Alan Ezra issued an Order Denying in Part and Without Prejudice in Part Defendant George Freitas' Motion to Dismiss, or in the Alternative, for Summary Judgment; Order Denying

in Part and Without Prejudice in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff's First Amended Complaint or for Summary Judgment ("January 28, 2005 Order"). Judge Ezra denied the Motion, giving Plaintiff more time to obtain evidence to support his claims through discovery. On January 28, 2005, the case was designated, by consent, to Magistrate Judge Chang.

On July 26, 2005, Magistrate Judge Chang issued an Order Granting in Part and Denying in Part Defendant Martin W. Curnan's Motion to Dismiss Plaintiff Mark N. Begley's First Amended Complaint filed 3/5/04 or for Summary Judgment ("July 26, 2005 Order"). Following the July 26, 2005 Order the remaining claims against Defendant Freitas were only those that did not arise from Defendant Curnan's alleged conduct. Specifically, the remaining claims were conspiracy, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. On August 4, 2005, Defendant Freitas filed a second Motion for

Summary Judgment, seeking dismissal of all remaining claims against him. On October 4, 2005, Judge Chang issued an Order Granting Defendant George Freitas and Defendant County of Kauai's Motions for Summary Judgment, thereby dismissing all remaining claims against Defendant Freitas and Defendant County of Kauai ("October 4, 2005 Order").

On April 20, 2006, Defendant Freitas, as the prevailing party, filed the instant Motion seeking $37,345.50 in attorneys' fees and costs. On May 31, 2006, Plaintiff, proceeding pro se, filed Mark N. Begley's Objection to Defendant George Freitas' Motion for Attorney's Fees and Costs ("Plaintiff's Opposition")[1].

## DISCUSSION

### I. Attorneys' Fees

---

[1] On May 11, 2006, the Court granted Richard & Zenger's Motion to Withdraw as Counsel for Mark N. Begley and gave Plaintiff Mark N. Begley until May 31, 2006 to file any objections to the post-judgment motions that had been filed.

Under the American Rule, parties to a lawsuit bear their own attorneys' fees. Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001). Accordingly, a party does not recover attorney's fees merely because it prevails in litigation. Such an award must be explicitly authorized by statute or other legal authority. See Stanton Road Association v. Lohrey Entertainment, 984 F.2d 1015, 1018 (9th Cir. 1993). Thus, while attorney's fees are generally not recoverable, such fees may be awarded to a prevailing party if authorized by enforceable contract or by applicable statute. Alyeska Pipeline Serv. Co. V. Wilderness Soc'y, 421 U.S. 240, 257 (1975). Therefore, to succeed in any motion for attorneys' fees, the prevailing party must demonstrate an entitlement to the requested fees through a specific authorizing rule, statute or contract term.

Defendant Freitas asserts that as the prevailing party, he is entitled to reasonable

attorneys' fees pursuant to 42 U.S.C. § 1988. Pursuant to 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title...,[or] title VI of the Civil Rights Act of 1964...,the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

The Supreme Court has held that strong policy considerations support the awarding of attorney's fees to plaintiffs prevailing in civil rights actions, as those plaintiffs play an integral role in the enforcement of the statutes through private litigation. See Christianburg Garment Co. V. Equal Opportunity Commission, 434 U.S. 412, 418 (1978). Thus, the award of attorney's fees in such cases may serve as an incentive to file such suits. Id.

However, these policy considerations are not typically present in the case of a prevailing defendant. See Christianburg, 434 U.S. at 418-419;

Dosier v. Miami Broadcasting Corp., 656 F.2d 1295, 1301 (9th Cir. 1981). The Ninth Circuit has stated that "the only purpose served by awarding attorney's fees to a prevailing defendant is to discourage frivolous litigation." Dosier, 656 F.2d at 1300 (citing Ellis v. Cassidy, 625 F.2d 227, 230-31 (9th Cir. 1980)). Thus, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg, 434 U.S. at 421; see also Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998). Additionally, "a plaintiff who continues to litigate a civil rights action after facts revealed by discovery clearly show that his claim is frivolous, unreasonable, or groundless may be assessed defendant's attorney's fees." Jensen v. Stangel, 762 F.2d 815 (9th Cir. 1985)(citing Christianburg, 434 U.S. at 422).

Therefore, the issue before the Court is whether Plaintiff's action against Defendant Freitas

was frivolous, unreasonable, or without foundation. Defendant Freitas filed two summary judgment motions in this case. In both Judge Ezra's January 28, 2005 Order and Judge Chang's October 4, 2005 Order, Judge Ezra and Judge Chang both found that the claims against Defendant Freitas were unsubstantiated. For example, in Judge Ezra's January 28, 2005 Order he found that Plaintiff's complaint contained only the "*bare minimum* of allegations necessary to state a claim for [Plaintiff's] various causes of action". Id. at 18 (emphasis added). Yet, the Court declined to dismiss the action against Defendant Freitas to give Plaintiff an opportunity to obtain evidence to support his claims through discovery. Id. at 20.

Magistrate Judge Chang's July 26, 2005 Order disposed of all claims against Defendant Freitas arising out of Defendant Curnan's alleged conduct. Specifically, the Court dismissed the § 1983 violations, assault and battery, false imprisonment and failure to render aid claims against Defendant Freitas.

Consequently, Plaintiff's only remaining claims against Defendant Freitas after the July 26, 2005 Order were conspiracy, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On August 8, 2005, Defendant Freitas filed a second Motion for Summary Judgment. On October 4, 2005, Judge Chang granted Defendant Freitas' Motion for Summary Judgment and dismissed all remaining claims against Defendant Freitas. The Court examined the claims against Defendant Freitas in detail and, regarding the allegation of conspiracy, concluded that Plaintiff presented "no evidence that Defendant Freitas was in any way involved in a conspiracy against him." October 4, 2005 Order at 21. As to the retaliation claim, the Court found Plaintiff offered nothing aside from "his own declaration, containing unsupported, conclusory, and speculative statements, as evidence." Id. at 23. Plaintiff's intentional infliction of emotional distress claim was similarly unsupported, the

Court stating that “Plaintiff presents no evidence whatsoever that Defendant Freitas intended to cause him emotional distress.” Id. at 27. Regarding the claim of negligent infliction of emotional distress, Plaintiff admitted he did not suffer physical injury as a direct result of affirmative actions taken by Defendant Freitas. Id. at 29. Thus, the Court held that Plaintiff’s negligent infliction of emotional distress claim failed as a matter of law. In sum, the Court ruled that Plaintiff had failed to present sufficient evidence to support any of the claims against Defendant Freitas.

In Plaintiff’s Opposition, Plaintiff has failed to present any additional information that would warrant the Court’s reconsideration its previous rulings regarding the lack of evidentiary support for Plaintiff’s claims against Defendant Freitas. Judge Ezra gave Plaintiff an opportunity to gather evidence to support his claims, but Plaintiff failed to produce any evidence to support his claims against Defendant

Freitas other than his own conclusory and speculative allegations. Magistrate Judge Chang granted Defendant Freitas' second Motion for Summary Judgment based on an insufficiency of evidence. Given the lack of evidence submitted by Plaintiff, the Court finds that all of Plaintiff's claims against Defendant Freitas were without foundation. In addition, the Court finds that Plaintiff's decision to continue to litigate his claims against Defendant Freitas after failing to obtain evidence to substantiate his claims through discovery subjected him to liability for attorneys' fees. See Christianburg, 434 U.S. at 422. Finally, the Court finds that Plaintiff's emotional distress claims were frivolous since Plaintiff failed to present any evidence that Defendant Freitas intended to cause him emotional distress and he admitted that he did not suffer any physical injury as a direct result of the actions taken by Defendant Freitas. Accordingly, the Court finds that Defendant Freitas is entitled to recover attorneys' fees.

Given that the Court already addressed Defendant Freitas' entitlement to costs in its Order filed on July 3, 2006, the Court will not consider Defendant Freitas' duplicative request for costs in this Order. The Court will award Defendant Freitas attorneys' fees as follows.

A. Reasonable Fee

A determination of reasonable attorneys' fees typically begins with the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Supreme court instructs that the most useful starting point to determine a reasonable fee is "the number of hours reasonably expended multiplied by a reasonable hourly rate." Id.

"After making this computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors[2] that are not already subsumed

---

[2] The Kerr factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other

in the initial lodestar calculation[3]." Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996)(citations omitted). There is a strong presumption that the lodestar represents a reasonable fee and it should only be adjusted in rare instances. Id. (citation omitted).

The Ninth Circuit has held that in actions brought pursuant to 42 U.S.C. § 1983, a district court should consider the financial resources of the plaintiff when awarding fees to a prevailing defendant. Patton v. County of Kings, 857 F.2d 1379, 1382 (9th

employment by the attorney due to acceptance of the case; (5)the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975); cert. denied, 425 U.S. 951 (1976).

[3] The subsumed factors are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation...(4) the results obtained," Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

Cir. 1988)(citing Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987). Yet, a district court should not decline to award attorneys' fees to a prevailing defendant solely based on the plaintiff's financial situation. See Miller, 827 F.2d at 21 n.5.

Defendant Freitas requests a total of $37,345.50 in attorneys' fees representing the fees incurred by Attorney John T. Komeiji, Attorney Patsy H. Kirio, Attorney Brian Y. Hiyane, Attorney Toby M. Tonaki, Attorney Gary S. Suganuma, and Attorney Karen Y. Arikawa.

1. Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In determining a reasonable hourly rate, the district court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting Chalmers v.

City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), amended, 808 F.2d 1373 (9th Cir. 1987)). In light of these factors, the rate should reflect “the prevailing market rate in the community.” Id. Further, the fee applicant “has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel,” to show that the rates are reflective of reasonable prevailing rates for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). If the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation, it is deemed to be reasonable.

Defendant Freitas’ attorneys request the following rates: $150/hour for Attorney John T. Komeiji; $150/hour for Attorney Patsy H. Kirio; $150/hour for Attorney Brian Y. Hiyane; $135/hour for Attorney Toby M. Tonaki, $135/hour for Attorney Gary S. Suganuma; and $135/hour for Attorney Karen Y. Arikawa.

Having considered the information presented to the Court in the Affidavit of John T. Komeiji, the

Court finds that the rates charged by Defendant Freitas' attorneys are reasonable and in accordance with prevailing rates in the community for similar services. Accordingly, the Court will apply the aforementioned rates in determining Defendant Freitas' fee award.

2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees and costs taxed are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). The court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).

The court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc.,

801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation omitted); see also Gates, 987 F.2d at 1399. Time expended on work deemed "excessive" shall not be compensated. See id.

In determining a reasonable number of hours, the court may, in its discretion, exclude hours that are excessive or duplicative. See Hensley, 461 U.S. at 434. A reduction in hours is appropriate where counsel's billing records indicate substantial duplication of effort or inefficiency. See id. ("Counsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."); see also Schwarz v. Sec'y of Human Services, 73 F.3d 895, 909 (9th Cir. 1995) (affirming district court's reduction of fees due to excessive hours claimed by counsel).

In addition, a court may reduce the number of hours where counsel has provided inadequate documentation. Doe v. Keala, 361 F. Supp. 2d 1171, 1184 (D. Haw. 2005)(citations omitted). "Counsel should, at the very least, 'identify the general subject matter of

his time expenditures.'" Id. (quoting Hensley, 461 U.S. at 437 n. 12)).

Finally, the party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates, 987 F.2d at 1397-98 (citing Blum, 465 U.S. at 892 n.5); see also Hensley, 461 U.S. at 433.

Defendant Freitas' counsel assert that they expended a total of 259.35 hours on this case broken down as follows:

(1) 36.4 hours for case development, background investigation, and case administration;

(2) 12.2 hours for pleadings;

(3) 19.5 hours for interrogatories, document production and other written discovery;

(4) 171.4 hours for motions practice;

(5) 18.85 for attending court hearings; and

(6) 1 hour for trial preparation and attending trial.

After reviewing the billing entries submitted by Defendant Freitas' counsel, the Court finds that many of the entries contain inadequate descriptions of the work performed. For example, several entries read, "review research", "review correspondence", and "telephone call with Minkin". Consequently, the Court finds that numerous time entries do not comply with Local Rule 54.3(d)(2), which requires that, "...time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary..." L.R. 54.3(d)(2). Many of the time entries contain inadequate descriptions such that the Court cannot conclude whether the time spent on many of the tasks listed were reasonable. Consequently, the Court orders that Defendant Freitas' fee award be reduced by twenty-five

(25) percent based on these inadequate descriptions. In addition, the Court, exercising its discretion and considering the financial situation of Plaintiff, will reduce Defendant Freitas' award by an additional forty-one point six seven (41.67) percent, for a total reduction of two-thirds or sixty-six point six seven (66.67) percent. The Court is mindful of Plaintiff's financial situation and the chilling effect that large fee awards have on civil rights litigants. In addition, the Court finds that the fee award is substantial enough to deter Plaintiff from bringing frivolous lawsuits in the future. See Baasch v. Reyer, 846 F. Supp. 9 (E.D.N.Y 1994)(awarding $1,000 to prevailing private defendants in civil rights action rather than the actual fees of $44,000 after considering plaintiff's financial status and the deterrent effect of the award on plaintiff).

## CONCLUSION

Accordingly, the Court awards Defendant Freitas a total of $12,448.50 in attorneys' fees.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 11, 2006.

Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 03-162 Mark N. Begley v. County of Kauai, et al.; ORDER GRANTING DEFENDANT FREITAS' MOTION FOR AWARD OF ATTORNEYS' FEES