ORIGINAL

FILED

JUL 10 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 14 2008

at 1 o'clock and 00 min. P M
SUE BEITIA, CLERK

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK N. BEGLEY,

Plaintiff - Appellant,

v.

COUNTY OF KAUAI; et al.,

Defendants - Appellees.

Nos. 06-15801
06-16554

D.C. No. CV-03-00162-KSC

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding[**]

Submitted June 18, 2008[***]

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

Mark N. Begley, a police officer, appeals pro se from the district court's summary judgment and judgment after bench trial in favor of defendants in his 42 U.S.C. § 1983 action concerning an incident involving off-duty police officers.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented in writing to proceed before a magistrate judge.

[***] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Stone v. City of Prescott*, 173 F.3d 1172, 1174 (9th Cir. 1999). After a bench trial, we review the district court's findings of fact for clear error and conclusions of law de novo. *Spokane Arcade, Inc. v. City of Spokane*, 75 F.3d 663, 665 (9th Cir. 1996); *Thorne v. City of El Segundo*, 726 F.2d 459, 468 (9th Cir. 1983).

The district court did not err by granting summary judgment to defendants on Begley's 42 U.S.C. § 1983 claims because Begley failed to raise a triable issue as to whether defendants were acting under color of state law when Begley was allegedly assaulted. *See City of Prescott*, 173 F.3d at 1174 ("[U]nder section 1983, plaintiffs must [show] that the officials acted under color of state law to deprive them of a right secured by the federal Constitution or by federal law."). Contrary to Begley's contention, the district court properly determined that Begley's declaration, containing conclusory and unsupported statements, did not constitute sufficient, admissible evidence to defeat summary judgment on his section 1983 claims. *See* Fed. R. Civ. P. 56(e).

The district court properly dismissed Begley's remaining claims at the close of evidence. *See* Fed. R. Civ. P. 41(b). The trial record supports the district court's conclusions that Begley could not recall important facts concerning his

alleged assault, and the testimony of a disinterested witness was more consistent with defendants' version of events. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) ("[I]t is well established that the district court is in the best position to determine the veracity of a witness's statements.") (internal citation and quotation marks omitted).

The district court did not abuse its discretion by awarding costs to defendants because Fed. R. Civ. P. 54(d) creates a "presumption for awarding costs" to prevailing defendants, and Begley failed to show why costs should not have been awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

The district court did not abuse its discretion by awarding attorneys' fees to defendant Freitas pursuant to 42 U.S.C. § 1988, because Begley continued to litigate his claims against Freitas even after it became obvious that those claims were groundless. *See Galen v. County of Los Angeles*, 477 F.3d 653, 667-68 (9th Cir. 2007) (affirming attorneys' fees award for prevailing defendant in section 1983 action because, "[b]ased on the evidence . . . acquired during discovery, it [became] obvious that [the plaintiff] could not meet his burden of demonstrating [defendant's liability]"); *Jensen v. Stangel*, 762 F.2d 815 (9th Cir. 1985) (per curiam) ("A prevailing defendant in a civil rights action is entitled to an attorney's

fees award where plaintiff's action . . . is frivolous, unreasonable, or without foundation.") (internal quotation marks and citation omitted).

We do not consider documents that were not presented to the district court. *See Willis v. Pacific Maritime Ass'n*, 236 F.3d 1160, 1168 (9th Cir. 2001) ("The appellate court is limited to evidence in the record.").

Begley's remaining contentions are unpersuasive.

**AFFIRMED**.